## 45476. GRANT v. HUFF.

QUILLIAN, Judge. Mrs. Juanita Grant's daughter was killed when an automobile driven by Mr. Aubrey Jack Huff and the bicycle which the child was riding were involved in a collision. Mrs. Grant filed a claim for damages against Mr. Huff. The plaintiff served interrogatories on the defendant. The defendant filed objections to certain of the plaintiff's interrogatories which were sustained. A certificate under *Code Ann.* § 6-701 (a) (2) (Ga. L. 1965, p. 18; 1968, pp. 1072, 1073), having been entered, the plaintiff then appealed the judge's ruling. *Held:*

1. One group of the interrogatories to which the objections were sustained sought information pertaining to the gross pay, income, ownership of property, limits of the liability insurance policy and financial ability of the defendant to pay a possible judgment against him. *Code Ann.* § 81A-126 (b) (Ga. L. 1966, pp. 609, 635; 1967, pp. 226, 233) provides: "Unless otherwise ordered by the court as provided by Section 30 (b) and (d), the deponent may be examined regarding any matter, not privileged, which is relevant to the subject-matter involved in the pending action, whether it relates to the claim or defense of the examining party or to the claim or defense of any other party, including the existence, description, nature, custody, condition and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of relevant facts. *It is not ground for objection that the testimony will be inadmissible at the trial if the testimony sought appears reasonably calculated to lead to the discovery of admissible evidence.*" (Emphasis supplied.) The information sought by the interrogatories does not appear to be reasonably calculated to lead to the discovery of admissible evidence; therefore the sustaining of the objections was not error. *Patillo v. Thompson,* 106 Ga. App. 808 (1) (128 SE2d 656); *American Cas. Co. v. Seckinger,* 108 Ga. App. 262 (3) (132 SE2d 794); *Young Men's Christian Assn. v. Bailey,* 112 Ga. App. 684 (1) (146 SE2d 324); *Higgins v. Cherokee R.,* 73 Ga. 149 (3); *Brunswick & Western R. Co. v. Wiggins,* 113 Ga. 842 (39 SE 551, 61 LRA 513).

2. The defendant also objected to one of the plaintiff's interrogatories which stated: "State the name, occupations, business and resident address, and telephone numbers, of any witnesses you have and expect to use in your defense at the trial of this case." The trial judge correctly sustained the defendant's objection to the interrogatory. While the plaintiff was entitled to names and addresses of the defendant's witnesses who had knowledge of relevant facts, the defendant was not required to state the specific names of those persons whom he proposed to call as witnesses. *Nathan v. Duncan,* 113 Ga. App. 630, 640 (149 SE2d 383); Bell v. Swift & Co., 283 F2d 407, 409.

*Judgment affirmed. Bell, C. J., and Whitman, J., concur.*

ARGUED JULY 6, 1970—DECIDED OCTOBER 6, 1970—
REHEARING DENIED NOVEMBER 10, 1970.

*Marvin G. Russell,* for appellant.

*O'Kelley, Hopkins & Van Gerpen, Earl J. Van Gerpen, John M. Bovis,* for appellee.