## 34253. ROBERTS v. TOMLINSON, INC.

HALL, Justice.

This appeal is brought by the Fulton County Tax Commissioner from an April 7, 1978 order of the Fulton County Superior Court.

Taxpayer, Tomlinson, Inc., had brought a declaratory judgment action seeking a ruling that the Commissioner was precluded from collecting certain interest on a sum which had been found owing in a prior consolidated case, *Roberts v. United Car &c. Leasing Co.,* Civil Action File Nos. C-6224, C-6225, C-6226 and C-8917. That earlier case established a tax liability, and judgment for the Commissioner was affirmed on appeal. *Tomlinson, Inc. v. Roberts,* 142 Ga. App. 134 (235 SE2d 721) (1977). Following that judgment, Tomlinson paid into court the amount of taxes found due in the judgment ($10,599.44) plus interest on the judgment at the rate of 7 percent through September 7, 1977. That sum has been drawn down by the Tax Commissioner.

In his declaratory judgment action, Tomlinson asserted that the Commissioner had demanded yet an additional amount, and had threatened to collect it by levying on Tomlinson's bond previously filed with the court. The additional claim was for alleged interest on the tax amount for a certain period prior to the judgment. This amount was not expressly included in the judgment.

The trial court ruled that the Commissioner could not collect any amount in excess of the judgment, and he enjoined any attempted collection. This is the Commissioner's appeal.

As an initial matter, the Commissioner's brief nowhere cites any Code section or other authority on which he grounds this claim for "interest." He merely asserts that the interest sought "arises as a matter of law . . ." In light of our disposition of the main issue, however, this point becomes moot.

1. The Commissioner acknowledges the general rule stated by Code Ann. § 110-501 that "A judgment of a court of competent jurisdiction shall be conclusive between the same parties and their privies as to all matters put in issue, or which under rules of law might have been put in issue in the case wherein the judgment was rendered, until such judgment shall be reversed or set aside." See also *International Paper Co. v. Kight,* 239 Ga. 551, 553 (238 SE2d 88) (1977); *Shaw v. Miller,* 215 Ga. 413, 414 (110 SE2d 759) (1959); *Creswell v. Bryant Hardware Co.,* 166 Ga. 228 (142 SE 885) (1928); *Doyle v. United Finance Co.,* 97 Ga. App. 257 (102 SE2d 637) (1958).

The record in the former action establishes that the Commissioner prayed for tax due "together with accrued interest and court costs," and there is no doubt that interest was or could have been an issue in that action. The general rule would clearly prohibit such a belated attempt as this by an ordinary creditor to seek interest on the debt for a period prior to the judgment date. However, the Commissioner argues as follows: "It is elementary that there can be no waiver by the Tax Commissioner of any duty which is imposed upon him to collect taxes, nor can he be estopped from collecting taxes for any reason. This is so by reason of Ga. Code Ann. § 89-903 which provides:

'Powers of all public officers are defined by law, and all persons must take notice thereof. *The public may not be estopped by the acts of any officer done in the exercise of a power not conferred.'* " (Emphasis supplied.)

The cited Code section has no applicability to this action, because by its terms it refers to acts of an agent in exercise of "a power not conferred," and decisions applying it concern mainly acts by agents of the state taken outside their proper areas of authority. E.g., *Booth v. State of Ga.,* 131 Ga. 750, 759 (63 SE 502) (1908); *Harrison v. Southern R. Co.,* 44 Ga. App. 49 (160 SE 656) (1931); *Brown v. Roach,* 31 Ga. App. 476, 478 (120 SE 813) (1923). There is nothing unauthorized nor outside the Commissioner's power in his taking a judgment for an amount of disputed tax. If he or his agent should, in a moment of forgetfulness, neglect to tack on all interest, penalties, etc., which might be claimed, he is nonetheless precluded by the judgment as any other citizen would be. The thrust of Code Ann. § 89-903 is that "public administrative officers can not change the laws." *Standard Oil of Ky. v. State Revenue Comm.,* 179 Ga. 371, 376 (176 SE 1) (1934). Contrary to the Commissioner's argument, Code § 89-903 does not constitute an exception to the principle of finality of judgments, as embodied in Code Ann. § 110-501. A contrary ruling would mean that the Commissioner might subject the same taxpayer to repeated litigation over the same claim, until the Commissioner finally perfects his lawsuit, cures his errors, matures his afterthoughts, and secures a judgment for the absolute maximum amount. Such a rule would be wholly incompatible with the dignity of judgments and their presumptive validity, and would subject taxpayers to intolerable uncertainty.

2. The facts of the case are that the Commissioner threatened to levy on a bond for an additional amount, and the taxpayer succeeded in obtaining an injunction against collection of the additional amount. On these facts we do not see the relevance to taxpayer of any administrative method for seeking a *refund.* No interest has yet been collected, to be the subject of a refund action. The factual setting of *Blackmon v. Scoven,* 231 Ga. 307 (201 SE2d 474) (1973) urged by the Commissioner, was

different, and that case does not compel a different result here. Consequently, the Commissioner's argument that the injunction should have been denied because of the alleged available remedy of a refund procedure, is without merit.

3. This action involves the construction of a judgment. It does not involve judicial interference with the collection of taxes, as prohibited by Code Ann. § 92-7901. Nor was Tomlinson's seeking the injunction premature for any reason alleged. The fourth enumeration of error is without merit.

*Judgment affirmed. All the Justices concur.*

SUBMITTED NOVEMBER 10, 1978 — DECIDED JANUARY 4, 1979.

*Webb, Young, Daniel & Murphy, Joel Y. Moss,* for appellant.

*Westmoreland, Hall, McGee & Warner, Jack A. Wotton, James M. Crawford, Taylor W. Jones, Kent T. Stair,* for appellee.

