## 59720. ROTHSTEIN v. MIRVIS & FOX, INC.

BIRDSONG, Judge.

Suit on open account. Mirvis & Fox, appellee herein, is a textile company selling a varity of items. The appellant, Herman Rothstein, purchased numerous items such as bedspreads, potholders, towel ends, tank sets, bath sets, rugs, wash cloths, chair and sofa throws, and the like during 1975 and 1976. The evidence offered by the vice-president of Mirvis & Fox, Saul Fox, established that Rothstein came to the appellee's place of business and purchased items directly from the warehouse, accepted immediate delivery and usually drove away with the purchased items. Purchase order forms were never utilized by Rothstein. Rothstein had purchased much more from appellee than was reflected in the vouchers for which demand was made. Rothstein had made satisfactory payment for all purchases except the ones furnishing the basis of the present suit. Fox identified several vouchers indicating the transactions between appellant and appellee and the amount owing. In addition Fox identified an arithmetical computation of interest due upon the unpaid vouchers at 7% from the time of demand until the time of suit. Rothstein admitted purchasing goods from appellee, admitted that he probably owed some amount but did not remember the particular purchases, amounts or whether he had paid all or some of the amounts due and owing. Rothstein defended himself pro se at trial and continues that defense pro se before this court. His sole defense presented to the trial court and before this court is that Mirvis & Fox did not have and could not produce purchase orders from Rothstein to Mirvis & Fox to substantiate the orders as to quantity, items purchased, value or amount due. In the absence of orders showing purchases, Rothstein maintains that he was entitled to summary judgment (denied by the trial court) and judgment in his favor. At a bench trial, the trial court entered judgment for Mirvis & Fox in the amount demanded in its complaint. Rothstein brings this appeal, enumerating several errors. *Held:*

1. In his fourth enumeration of error, Rothstein complains that the trial court erred in denying his motion for summary judgment. However, where a motion for summary judgment is overruled and the case is tried, the appellate court will review the evidence in support of the judgment as well as other enumerations of error, but because ordinarily the same issues are involved, the court will not review the denial of the motion for summary judgment. *Drillers Service v. Moody,* 242 Ga. 123, 124 (249 SE2d 607); *Melton v. Bow,* 145 Ga. App. 272 (5) (243 SE2d 590). This enumeration is without merit.

2. In Enumerations 1, 2, 3, 5, and 6, in substance, appellant argues that the trial court erred in entering judgment for Mirvis & Fox and denying Rothstein's motion to dismiss for failure to state a claim or to direct a verdict because Mirvis & Fox did not establish by any documentary evidence that Rothstein ordered the goods and thus incurred the indebtedness which is the basis of the suit. As observed by the trial court, an observation with which we concur, there is no necessity to make such a documentary showing. The witness Fox testified that he participated in sales made to Rothstein wherein Rothstein purchased goods and took immediate delivery, removing the goods from the location of the warehouse in his (Rothstein's) own vehicle. These sales were recorded and furnished the basis of the billing to Rothstein. Fox also testified that it was never the practice between the seller and purchaser to utilize purchase orders. Rothstein admitted making purchases and probably owing some amount of money for these purchases. He did not testimonially deny that he made all purchases without utilizing purchase orders or that he owed all or part of the amount for which suit was brought.

In this state when one transfers property valuable to another, which the latter accepts, a promise is implied to pay the reasonable value thereof. Code § 3-107. The uncontested open account existing between the appellant and the appellee allowed Mirvis & Fox to bring its suit based upon an implied promise to pay. *Hurt & Quinn v. Keen,* 89 Ga. App. 4, 6 (78 SE2d 345). Thus the sole defense offered by Rothstein that the absence of purchase orders defeated Mirvis & Fox's right to bring an action is without merit. See *Gage v. Tiffin Motor Homes,* 153 Ga. App. 704 (266 SE2d 345) (1980). This, in effect, was an uncontested suit on open account. These enumerations are without merit.

3. In his final enumeration of error, Rothstein objected to the admission into evidence of a written statement of interest due on the past due indebtedness. In its complaint, Mirvis & Fox made demand for the past due amount on the open account as well as interest at 7% from the time of the demand, thus the amount of interest was a

proper issue in the case. *Roberts v. Tomlinson,* 242 Ga. 804, 805 (251 SE2d 543). The witness for the appellee, Mr. Fox, testified that the amount of interest to which he testified was computed from records of the appellee and that he was familiar with the records and the actual amount due as interest. Thus, there was direct evidence of the amount of interest due. Moreover, even in the absence of such a compilation, the trial court by dint of simple mathematical calculation could compute the amount of such interest at 7% on the debt determined due. This enumeration clearly lacks merit.

*Judgment affirmed. Deen, C. J., and Sognier, J., concur.*

ARGUED APRIL 7, 1980 — DECIDED JUNE 26, 1980.

Herman Rothstein, *pro se.*
*Richard H. Siegel,* for appellee.