61546. E. H. SILER REALTY & BUSINESS BROKER, INC. v. SANDERLIN et al.

CARLEY, Judge.
Appellee-Sanderlin engaged the services of appellant-E. H. Siler Realty & Business Broker, Inc. (Siler) as agent for the sale of her business. A buyer was found and a contract for the sale of the business was entered into. The sale was subsequently closed and Sanderlin received her payment and Siler a commission. Some months later Sanderlin filed a complaint alleging that Siler had defrauded her at the closing by receiving $5000 more in "commissions" than it was entitled to under their agreement. Siler answered, denying the material allegations of the complaint, and the case proceeded to the discovery stage. Thereafter, pursuant to Code Ann. § 81A-134, Siler served Sanderlin with a request "to produce and permit [Siler] to inspect and copy all of the following documents and records: . . . 7. [Sanderlin's] federal and state income tax returns for the years 1978 and 1979, including all attachments as filed with said returns; . . . 13. All other documents, memorandums, and other written evidence which [Sanderlin] intends to use as evidence at the trial of this case."

Sanderlin responded to this request by objecting to the production of her returns "on the grounds that they are irrelevant to the styled action, will be inadmissible at the trial of the styled action and are not reasonably calculated to lead to discovery of admissible evidence." Sanderlin also objected to the production of all documents intended for use "as evidence at the trial," "on the grounds that same calls for work product, trial preparation, thought processes, strategy and tactics of [Sanderlin's] attorney, and a decision as to what evidence may be used at trial has not yet been made and is subject to change during the trial and [Siler] is not entitled to this information."

Pursuant to Code Ann. § 81A-137, Siler moved for an order

compelling Sanderlin to produce the requested documents. A hearing was held and the trial court denied Siler's motion to compel discovery. Siler's application for an interlocutory appeal from this order was granted in order that we might address the issue of the permissible scope of discovery under Code Ann. § 81A-134.

1. Under Code Ann. § 81A-134 (a) a request to produce is properly directed toward documents and any tangible thing "which constitute or contain matters within the scope of section 81A-126 (b)." Code Ann. § 81A-126 (b) (1) in turn provides in part: "Parties may obtain discovery regarding any matter, not privileged, which is *relevant to the subject matter involved in the pending action,* whether it relates to the claim or defense of the party seeking discovery or to the claim or defense of any other party, . . . It is not ground for objection that the information sought will be inadmissible at the trial *if* the information sought appears reasonably calculated to lead to the discovery of admissible evidence." (Emphasis supplied.) Turning first to the issue of whether Sanderlin should have been compelled to produce her income tax returns, it is recognized that such records are not "automatically discoverable upon a de minimis showing of relevancy. Certainly the competing interest in an individual's right to privacy must be accommodated in the discovery process. Otherwise, the discovery process would become a device for the unscrupulous litigant to squeeze concessions from the opposing side in cases where such concessions were totally unwarranted. This sort of abuse simply cannot be tolerated in an ordered system of justice." *Borenstein v. Blumenfeld,* 151 Ga. App. 420, 421 (260 SE2d 377) (1979). Siler contends that the tax returns have more than a de minimis relevancy in the instant case because the credibility of Sanderlin as a witness will be an issue at trial and her tax records may be useful for impeachment purposes. In this regard Siler urges a belief that Sanderlin misrepresented to it the yearly earnings of her business and that if her tax returns are produced they may "show her to have previously made [a] false written statement" and "[t]his is very important to the case sub judice insomuch as the credibility of [Sanderlin] is in issue since her complaint [is] founded on alleged oral misrepresentations which only her testimony can allegedly demonstrate."

The alleged "misrepresentation" by Sanderlin which it is urged might be demonstrated by production of her tax returns has no direct relevance to the underlying primary issue in the litigation, to wit: whether Sanderlin was defrauded by Siler at the closing. *Schneider v. Spivey,* 240 Ga. 468, 469 (2) (241 SE2d 224) (1978). The argument that if the tax returns demonstrate that a misrepresentation in fact occurred, they would then become collaterally relevant in the case as

evidence otherwise impeaching of Sanderlin's general credibility is fallacious. Evidence of an impeaching nature must itself relate to a relevant issue in the case. A witness' possible lack of credibility concerning matters otherwise irrelevant to any issue in dispute does not thereby become material to the case as an issue of impeachment. See generally *Grant v. Hart,* 197 Ga. 662, 663 (7) (30 SE2d 271) (1944); *Daniels v. Luton,* 40 Ga. App. 741 (151 SE 659) (1929). The trial court properly refused to compel Sanderlin to produce her tax returns.

2. We turn now to whether a request for all documents intended for "use as evidence at the trial of this case" is within the permissible scope of Code Ann. § 81A-134 (a). The scope of permissible discovery by interrogatories under Code Ann. § 81A-133 is, in essence, the same as by a request to produce under Code Ann. § 81A-134 (a). We therefore find cases interpreting the scope of Code Ann. § 81A-133 (a) to be illustrative on the issue presented for resolution in the instant case. It is clear that while the party who propounds interrogatories is entitled to the names and addresses of other party's witnesses who have knowledge of *relevant facts,* he is not entitled to the specific names of those persons who will be called as witnesses at the trial of the case. *Grant v. Huff,* 122 Ga. App. 783, 784 (2) (178 SE2d 734) (1970); *Nathan v. Duncan,* 113 Ga. App. 630, 640-641 (149 SE2d 383) (1966).

The rationale of the rule that an interrogatory requesting a list of "all witnesses who will be called at trial" is outside the permissible scope of discovery applies likewise to an interrogatory requesting a list of all documentary material which will be introduced into evidence at trial. See Magelssen v. Local Union No. 518, 32 FRD 464, cited as authority in *Nathan,* 113 Ga. App. at 640, supra. Thus, interrogatories requesting the listing of all documents relied upon to demonstrate and support *facts* relevant to the litigation would be within the permissible scope of discovery under Code Ann. § 81A-133, *Hanna Creative Enterprises v. Alterman Foods,* 156 Ga. App. 376 (274 SE2d 761) (1980), but one requesting "all documentary evidence which will be introduced at trial" apparently would not.

We, therefore, hold that production of "all other documents" intended for use at trial is outside the scope of Code Ann. § 81A-134 (a), delineated under Code Ann. § 81A-126 (b) (1) as "any matter, . . ., which is relevant to the subject matter involved in the pending action," without regard to whether or not that "matter" will be used as evidence at the trial of the action. It follows that the trial court properly refused to compel Sanderlin to produce "all" the documentary evidence she will introduce at trial.

*Judgment affirmed. Deen, P. J., and Banke, J., concur.*

Decided June 16, 1981.

Timothy A. Siler, for appellant.
Daniel M. Coursey, Jr., Jerry Stepp, for appellees.