63190. PREMIER ELECTRIC SUPPLY, INC. v. PRESCOTT.

QUILLIAN, Chief Judge.

Following the termination of his employment, the plaintiff sought to recover $3,000 as annual salary for serving as Vice-President of Premier Electric Supply Co., the defendant, for the fiscal year 1979 (March 1978 to February 1979) plus $250 for one month's salary prior to his discharge at the end of March 1980. After the close of the evidence the trial judge directed a verdict for the plaintiff. This appeal followed.

From the record, it appears that beginning in December 1977 the plaintiff was employed by All Phase Electric Supply Co., which owned a 50% share of Premier. Under his salary arrangement with All Phase the plaintiff was to receive a guaranteed wage plus 2/10 of one percent of the "gross [profit] margin." For the fiscal year 1977 the guaranteed salary was $40,000; for the fiscal year 1978 the guaranteed salary was $43,000; and for the fiscal year 1979 the guaranteed salary was $46,000. During part of this time the plaintiff also served as Vice-President of Premier and by corporate resolution his salary was

---

set at $3,000 per annum. During the fiscal year 1978 (March 1978 through February 1979) the plaintiff was paid slightly less than $40,000 by All Phase and $3,000 by Premier. During the fiscal year 1979 the plaintiff was paid over $47,000 by All Phase but was not paid by Premier. Questions were raised concerning the salary arrangement between All Phase, Premier and the plaintiff, the defendant contending that the salary paid by Premier was merely a portion of the whole compensation owed plaintiff by All Phase, while the plaintiff denied this and asserted it was entirely separate. Nevertheless, the evidence was undisputed that the salary of $3,000 was owed to the plaintiff by Premier and that Premier had not paid the plaintiff that sum.

Because it is clear that Premier has not itself paid the plaintiff the salary admittedly owed him, in our view the sole arguable contention made by appellant is that All Phase paid the salary owed by Premier to the plaintiff. Although there was testimony that Kinney, the President of All Phase, agreed with Obee, the President of Premier, that "the $3,000 to be paid by Premier would be paid by All Phase," there is no evidence that the plaintiff agreed to accept such arrangement nor that the plaintiff was ever notified that the sum owed by Premier would be paid on its behalf by All Phase or was included in the sum ($47,342.49) paid by All Phase to him.

Therefore, while it is true that one may pay the debt of another, the present record fails to show that such an arrangement was agreed to and in pursuance thereof was carried out in this case. For, even if All Phase paid plaintiff more than it owed him, since Premier is a separate and distinct legal entity, such would not inure to its benefit unless the payment were tendered and accepted on its behalf. Hence, it was not error to direct a verdict for the plaintiff.

*Judgment affirmed. Shulman, P. J., and Carley, J., concur.*

DECIDED MARCH 12, 1982.

*Dock H. Davis,* for appellant.
*Louis F. McDonald,* for appellee.