## 71492. HUB CITY ATLANTA TERMINALS, INC. v. EXPERT FREIGHT BROKERAGE, INC.

(338 SE2d 66)

BANKE, Chief Judge.

Defendant Hub City Atlanta Terminals, Inc. (Hub Atlanta), appeals from an award of summary judgment to plaintiff Expert Freight Brokerage, Inc. (Expert), in an action on an open account.

In support of its motion for summary judgment, Expert submitted the affidavit of its Secretary-Treasurer to the effect that, during a 3-month period in 1983, Hub Atlanta had incurred the claimed charges and had made no payment on the account. Attached to the affidavit were invoices and other supporting documents. It was shown that Expert had also conducted business with Hub City freight terminals in other locations in the United States, including Hub City of Louisiana Terminals, Inc. (Hub Louisiana), with whom it previously incurred an account indebtedness. In tendering payment of this indebtedness to Hub Louisiana, Expert had deducted the claimed indebtedness of Hub Atlanta which it seeks to collect in the present action; however, Hub Louisiana refused to allow this attempted offset and brought suit in Louisiana to recover the difference. That suit is apparently still pending.

Hub Atlanta contends that Expert is not entitled to prevail in the present action because of this prior attempt to offset the claim against its own indebtedness to Hub Louisiana. However, it is undisputed that, although the various Hub City companies have some common stockholders and directors, they are separate legal entities. *Held*:

1. The evidence clearly negates Hub Atlanta's defense that payment has already been made on the account, it being undisputed that Hub Louisiana refused to allow the attempted offset by Expert and that the two Hub City companies are separate and distinct legal entities. Accord *Premier Elec. Supply v. Prescott*, 161 Ga. App. 624 (288 SE2d 799) (1982). Having submitted undisputed evidence that Hub Atlanta incurred the alleged account indebtedness, Expert has met its burden on summary judgment of establishing the absence of any genuine issue of material fact and its right to recover as a matter of law. See generally OCGA § 9-11-56; *Hanover Ins. Co. v. Nelson Conveyor &c. Co.*, 159 Ga. App. 13 (1) (282 SE2d 670) (1981). It follows that the trial court did not err in awarding summary judgment to Expert and denying summary judgment to Hub Atlanta.

2. Hub Atlanta contends that the trial court erred in awarding Expert the entire amount claimed, in that the amount deducted from the payment to Hub Louisiana was only $11,510, whereas the amount claimed in this action is $12,049.50. This purported discrepancy was explained by evidence showing that each of the invoices pertaining to the account specified one price if payment was made within 15 days

and a greater price if payment was made after 15 days. Accordingly, this enumeration of error is without merit.

3. Hub Atlanta contends that the trial court erred in also awarding pre-judgment interest to Expert. Pre-judgment interest is recoverable on claims arising from liquidated demands. See OCGA § 7-4-15. "[O]pen accounts bear interest from their due date, at which time they are considered liquidated demands. [Cits.]" *Intercompany Svcs. Corp. v. Kleeb*, 140 Ga. App. 512, 513 (231 SE2d 505) (1976). It follows that the trial court did not err in awarding Expert interest at the legal rate of 7 percent from the date demand for payment was made on this obligation. Accord *Rothstein v. Mirvis & Fox, Inc.*, 155 Ga. App. 79 (3) (270 SE2d 301) (1980). See also OCGA § 7-4-2.

4. Expert's motion for assessment of 10 percent damages pursuant to OCGA § 5-6-6 is denied.

*Judgment affirmed. McMurray, P. J., and Benham, J., concur.*

DECIDED NOVEMBER 15, 1985.

*Matthew J. Blender*, for appellant.
*E. Lewis Hansen, Judith Inge Harris*, for appellee.