A91A1595. WHITE & ASSOCIATES, INC. v. DECKER &
HALLMAN, P.C. et al.
(416 SE2d 352)

SOGNIER, Chief Judge.

White & Associates, Inc. (White), a real estate brokerage, brought suit against Decker & Hallman, P.C. ("D & H") and Coldwell Banker Commercial Group, Inc. alleging it was entitled to recover from D & H commissions due under an exclusive agency agreement and seeking damages from Coldwell for tortiously interfering with its contractual relationship with D & H. In the alternative, White sought from D & H the value of services it allegedly rendered D & H in connection with the execution of a lease of office space. The trial court granted the defendants' motion for summary judgment, and White appeals.

1. Appellant contends summary judgment was improperly entered for appellees because questions of fact exist whether appellant and appellee D & H entered into an exclusive agency agreement. The record reveals that as the result of a "cold call," appellant's assistant vice president, Peter Corry, met with an associate at D & H regarding its search for new office space in late 1987. Corry subsequently showed D & H partner Ed Hallman various available office spaces. Corry deposed that he raised the issue of the contractual relationship between the parties in Hallman's office in December 1987 and was told by Hallman that because of Corry's expertise in the markets in which D & H was interested, D & H "would work only with" Corry. The record supports the trial court's finding that this testimony is the only evidence that the parties agreed to an exclusive agency agreement. It is uncontroverted that D & H did not receive any of the registration letters sent by appellant to leasing offices of the commercial buildings considered by D & H, in which letters appellant informed the various landlords that it was D & H's exclusive agent.

"The first requirement of the law relative to contracts is that

there must be a meeting of the minds of the parties, and mutuality ([cits.]), and in order for the contract to be valid the agreement must ordinarily be expressed plainly and explicitly enough to show what the parties agreed upon. [Cits.] A contract cannot be enforced in any form of action if its terms are incomplete or incomprehensible." *West v. Downer*, 218 Ga. 235, 241 (5) (127 SE2d 359) (1962). See *Patel v. Gingrey Assoc.*, 196 Ga. App. 203, 206 (2) (395 SE2d 595) (1990); see also *Farmer v. Argenta*, 174 Ga. App. 682, 683 (331 SE2d 60) (1985). While a contract will not be held unenforceable for indefiniteness because its performance is, as to particular details, left open to subsequent agreement of the parties, see *Advance Security v. Superior Surgical &c. Co.*, 197 Ga. App. 769, 771 (1) (399 SE2d 488) (1990), extrinsic information "may not be utilized to supply that which is essential to constitute a valid contract. [Cit.]" *West*, supra at 242. Appellant argues that all the other terms of the exclusive agency agreement, such as the duration of the alleged exclusive agency, the extent of appellant's duties as agent, and the amount of compensation appellant was to receive for performing these undefined duties, could be inferred from standards in the industry or by standards of reasonableness implied by law, citing *Griffith v. Fed. Deposit Ins. Corp.*, 242 Ga. 367, 368 (249 SE2d 54) (1978). However, not only did appellant fail to adduce evidence regarding the existence and scope of the custom and usage of realty standards, see *Georgia Timberlands v. Southern Airway Co.*, 125 Ga. App. 404, 406 (2) (b) (188 SE2d 108) (1972) (applying predecessor to OCGA § 11-1-205), it is well established that " '[w]here there is no contract, proof of usage will not make one.' [Cit.]" *Newark Fire Ins. Co. v. Smith*, 176 Ga. 91, 94 (167 SE 79) (1932). Se also *White Lumber Sales v. C. Brinson Lamb &c. Co.*, 121 Ga. App. 702, 703 (175 SE2d 81) (1970) (although UCC recognizes course of dealing and usage of trade, "there must first be an agreement upon which these factors can be brought to bear").

"A court will not carry a contract into effect where it is left to ascertain the intention of the parties by mere guess or conjecture. [Cit.]" *Hughes v. McMichen*, 164 Ga. App. 304, 305 (296 SE2d 233) (1982). Hence, the trial court correctly granted summary judgment in favor of D & H on appellant's breach of contract claim. See id.

2. Because no enforceable contract was created in December 1987 between appellant and D & H, it follows that the trial court did not err by granting summary judgment in favor of appellee Coldwell Banker on appellant's claim of tortious interference with that contract. See *Shanco Intl., Ltd. v. Digital Controls*, 169 Ga. App. 184, 186 (2) (312 SE2d 150) (1983); *Charles v. Simmons*, 215 Ga. 794, 797 (3) (113 SE2d 604) (1960).

3. Appellant contends the trial court erred by granting D & H's motion for summary judgment on its claim for compensation based on

quantum meruit. The record reveals that after Corry initiated contact with D & H, he and principals of D & H toured 12 different office buildings, including Peachtree Center. D & H was interested primarily in another building, however, and the contact with Peachtree Center did not result in a lease proposal by the parties. When no satisfactory arrangement with the representatives of the other building could be arranged, D & H withdrew from the market and attempted from April to June 1988 to renegotiate its lease with its then landlord. In August 1988, Corry was notified by D & H that his services were no longer needed. D & H then entered into an exclusive agency agreement with Coldwell Banker. In October-November 1988 D & H and Peachtree Center began negotiations that ultimately resulted in the law firm renting space there for which Coldwell Banker received a commission. Appellant adduced no evidence that in consummating the lease contract with Peachtree Center, either appellee benefitted from any of appellant's previous efforts.

Contrary to appellant's contention, this court has applied the "procuring cause" rule seen typically in the context of real estate sales contracts, see *Doyal & Assoc. v. Wilma Southeast*, 174 Ga. App. 851, 852 (2) (332 SE2d 24) (1985), to brokers' claims regarding the execution of lease agreements. *Meinhard v. Stillwell Realty Co.*, 47 Ga. App. 194 (169 SE 732) (1933). Applying that rule here, the evidence of record clearly established that appellant was not the procuring cause of the lease agreement and that appellees did not benefit from appellant's efforts in procuring that lease. Thus, appellant's argument that a jury question remains as to its alleged entitlement to a quantum meruit award must also fail. *Doyal & Assoc.*, supra at 852 (3).

*Judgment affirmed. McMurray, P. J., and Andrews, J., concur.*

DECIDED FEBRUARY 20, 1992.

Fortson & White, John A. Howard, Marion Smith II, Ware & Associates, Jay L. Drew, for appellant.

Alston & Bird, William H. Hughes, Jr., A. McCampbell Gibson, for appellees.