## A92A1440. LOVELESS v. SUN STEEL, INC.
(424 SE2d 887)

COOPER, Judge.

In this action for payment of monies due an attorney for legal services provided pursuant to a written contract, we granted appellant-attorney's petition for interlocutory appeal from the denial of his motion for summary judgment. In four enumerations of error, appellant contends that the trial court erred in concluding that questions of material fact remain as to the parties' understanding regarding the time and manner of payment as well as the amount of fees to be paid.

It is undisputed that the parties executed a written agreement in October 1990, under which appellant was to provide legal services, primarily in relation to a dispute between appellee and Chrysler, and appellee was to pay appellant an hourly rate for his services. The contract further provided that it contained the entire agreement between the parties; that it could not be orally modified and could be amended only by mutual written consent of the parties; that appellant's current

hourly fee was $90; that appellant generally did not accept cases on a contingency basis and that if he did, the terms would be specified at the end of the contract; that appellee would be billed monthly and agreed to pay each bill within ten (10) days of receipt; that appellant was entitled to 1.5 percent interest per month plus 15 percent of the total balance due as attorney fees if any action on appellant's part were required to collect the total balance due; and that appellee waived "the right to challenge the propriety of and/or the charges made for legal services and expenses on said statement/billing" if appellant did not receive a definitive written complaint within thirty (30) days from the date on the statement or billing. Although there was a section at the end of the contract for special provisions agreed to by the parties, this section was left blank. Beginning in October 1990, appellant provided legal services for appellee and billed for those services on a monthly basis. In January 1991, appellant's negotiations resulted in a partial payment from Chrysler, and appellee paid appellant's bills for October and November 1990 at that time. Appellant continued providing legal services for appellee through April 1991, but his bills for December 1990 through April 1991 were never paid. As a result, appellant brought this action to recover his fees as reflected in the monthly billings, 1.5 percent per month interest and 15 percent of the total balance as attorney fees for the collection action. Appellant charged $90 per hour for his services through February 1991. However, in March 1991, after sending a letter informing appellee that his hourly rate would increase to $120, appellant began billing appellee at this higher rate, and this higher rate for two months is reflected in the total balance due. Based on the contract and billings, appellant moved for summary judgment. In response to appellant's motion for summary judgment, appellee submitted an affidavit of its president who stated therein that, notwithstanding the written contract, the parties had an understanding that appellee could not and would not pay appellant unless and until monies were collected from Chrysler; that he had voiced concerns to appellant about the amount of the legal fees appellee was being charged and the lack of results on numerous occasions; and that although the contract specified appellant's current hourly rate was $90, appellee was billed $120 per hour for appellant's time for March and April of 1991. Based on the affidavit submitted by appellee, the trial court denied appellant's motion for summary judgment.

1. In his first three enumerations of error, appellant contends the trial court erred in considering parol evidence regarding the agreed upon time and manner of payment and allowing the parol evidence to create an issue of fact by contradicting the clear language of the contract. We agree. "Parol evidence is inadmissible to add to, take from, or vary a written contract." OCGA § 13-2-2 (1). Even if consideration

of circumstances surrounding the execution of the agreement creates an ambiguity, "[w]here the contract is complete on its face and the evidence offered to explain the ambiguity contradicts the terms of the written instrument, it should not be admitted. [Cits.]" *American Cyanamid Co. v. Ring*, 248 Ga. 673, 674 (286 SE2d 1) (1982). In this case, appellee's president's testimony that the parties understood appellee could not pay appellant unless and until it recovered from Chrysler, effectively transforming the arrangement into a contingency contract, flatly contradicts terms in the contract providing that appellee would be billed for appellant's legal services on a monthly basis, that appellee agreed to pay within ten days of receipt of the bill and that the contract was not a contingent one. Moreover, where, as here, the parties have agreed that the written contract contains the entire agreement, "any understanding not embodied in the writing is irrelevant. [Cits.]" *Kelson Cos. v. Feingold*, 168 Ga. App. 391, 393 (309 SE2d 394) (1983). Thus, the trial court erred in considering appellee's president's testimony that the parties understood that appellee would not have to pay in the manner specified in the contract and in concluding that an issue of fact as to time and manner of payment exists.

2. As urged in appellant's fourth enumeration of error, the trial court also erred in concluding that an issue of fact remains regarding the proper amount of the outstanding balance. Appellee's president testified that he voiced concerns to appellant about the amount of the legal fees and lack of results several times, and he also pointed out in his testimony that in March and April 1991, his company was billed at an hourly rate higher than that specified as the current hourly rate in the contract. The contract signed by appellee's president states, however, that any complaint regarding the legal services provided or the amount charged therefor must be definitive, in writing and received by appellant within 30 days of billing or it is waived. The parties were free to agree to such a term, and it will be enforced as written. See *Hall v. Skate Escape, Ltd.*, 171 Ga. App. 178 (319 SE2d 67) (1984). Accordingly, appellee's affidavit testimony regarding complaints about the services provided and the amounts charged does not create an issue of material fact with respect to the amount of fees to be paid.

*Judgment reversed. Sognier, C. J., and McMurray, P. J., concur.*

DECIDED NOVEMBER 12, 1992.

*Donald E. Loveless*, pro se.
*James E. Thompson*, for appellee.