S93A1094, S93A1096. CITY OF ATLANTA v. JACKSON et al.
(two cases).
(435 SE2d 212)

Fletcher, Justice.

Ira Jackson, City of Atlanta councilman for 20 years, was appointed Aviation Commissioner in October 1990. Eighteen months later, he resigned under suspicions concerning his relationship with certain airport concessionaires. Upon Jackson's resignation, he applied for pension benefits based upon his 20 years of service as councilman and his term as commissioner. The Mayor of Atlanta requested that the Board of Trustees of the General Employees' Pension Fund (the "Board") hear evidence to prove the allegation that Jackson fraudulently obtained his commissioner position in that he denied having any business relationship with airport concessionaires. The mayor argued that Jackson's benefits should be calculated only on his councilman's salary because Jackson obtained the commissioner's position through fraud. The Board considered the mayor's request to hear evidence concerning the fraud allegations but determined that Jackson was entitled to pension benefits based upon all of his years of public service, including his service as commissioner.

The City of Atlanta (the "City") filed a complaint in the Fulton Superior Court seeking in Count 1 a review of the Board's decision through a writ of certiorari. By this count, the City sought to require the Board to conduct a hearing for purposes of determining whether Jackson used fraudulent representations in obtaining the commissioner's position and a recalculation of pension benefits excluding his service as commissioner. In Count 2, the City sought declaratory and injunctive relief asking the court to declare that Jackson fraudulently obtained his appointment as commissioner and to enjoin calculation of pension benefits based upon his service as commissioner. A third count based on fraud was later added through which the City sought to recover the salary Jackson received as commissioner. The trial court dismissed all three counts. We affirm.[1]

1. The City contends that the trial court's dismissal of Count 1 on the grounds that the Board was not authorized to reduce Jackson's

---

[1] The City filed an application for discretionary appeal in the Court of Appeals from the trial court's order dismissing Counts 1 and 2. The application was dismissed because the City failed to comply with the interlocutory review requirements of OCGA § 5-6-34 (b) and because the express determination and express direction required by OCGA § 9-11-54 (b) had not been issued by the trial court. Thereafter, the trial court entered a second order dismissing Count 3. The City filed applications for discretionary appeals in both this court and the Court of Appeals and initiated a direct appeal in this court. For reasons of judicial economy, we granted the application for discretionary appeal, consolidated the granted application with the direct appeal, and ordered the application in the Court of Appeals transferred to this court.

pension benefits was error because the Board was authorized to provide for the equitable disposition of any matter not covered by the city code. Section 5-1 (b) of the Atlanta City Code authorizes the Board to:

> make all necessary rules for carrying out of the provisions of this act, to reconcile conflicts therein, if any shall exist, and to provide for the equitable disposition of any matter not specifically covered by this act, provided that all such rules must be consistent with the terms and spirit of this act.

Related State Laws of the City of Atlanta, § 5-1 (b).

The court is not aware of any city code provision directly addressing the unique circumstances at issue here. However, § 5-28 states that the manner of an employee's termination shall not impair the employee's right to a pension. Even if not directly addressing Jackson's situation, § 5-28 provides a clear statement that under the existing city code an employee's right to pension benefits is not dependent on the reason for termination, and therefore, is not dependent on the acts of the employee while employed by the City.

A finding by the Board or this court that an act of an individual before becoming employed by the City exposes him to the risk of forfeiting pension benefits, when an act taken while employed by the City does not, would contradict the spirit and terms of the city code. We find no basis for such a distinction in the city code itself and do not believe that the city code was intended to create one, especially where, as here, it is undisputed that all city code criteria entitling Jackson to pension benefits have been met.

2. Our decision to affirm the trial court's ruling that the Board acted properly is further supported by the legislature's determination that a public employee's pension benefits may be forfeited only upon conviction of a public employment related crime committed in the capacity of a public employee or upon conviction of a drug related crime. OCGA §§ 47-1-22 and 47-1-22.1. As the trial court correctly determined, by enacting § 47-1-22, the legislature established a standard for the forfeiture of pension benefits based on an employee's wrongful acts. The Board's decision evidences the proper application of this standard.

3. The City contends that OCGA § 47-1-20 et seq., enacted in 1985 while Jackson was a councilman, is not retroactive and is not applicable to Jackson's request for benefits. Therefore, the City argues, no legal procedure for the forfeiture of benefits existed and general equitable principles required the Board to reduce Jackson's pension benefits.

Section 47-1-20 states that § 47-1-22 applies both to persons en-

tering public employment and to persons reentering public employment after July 1, 1985. It is undisputed that Jackson resigned from his position as councilman in August 1990 and reentered public employment in October 1990 as Aviation Commissioner. Although not necessary to the disposition of this action, by its plain language § 47-1-20 et seq. appears to apply and Jackson concedes that it does apply. Additionally, the City has offered no legal authority for its claims that the Board has equitable powers.

4. Because we hold in Div. 1 that Jackson's alleged fraud has no legal effect on the pension benefits to be awarded to him, the City's contention that the Board erred in failing to conduct a hearing is without merit. It is the Board's obligation to calculate, according to specific statutory and city code criteria, the pension benefits awarded to a retiring pension fund member. Related State Laws of the City of Atlanta, §§ 5-1; 5-81. The decision not to conduct a separate hearing to determine the existence of fraud would be error only if the alleged fraud would have affected the amount of benefits.

5. In dismissing Count 2, the trial court correctly determined that such count is merely seeking through the court's equity powers the same relief the City sought from the Board and which is the subject matter of Count 1, reviewed through writ of certiorari. The power and authority of the superior court to correct errors in the Board's decisions concerning applications for pension benefits is by writ of certiorari. *Cochran v. Rockmart*, 242 Ga. 732 (251 SE2d 259) (1978); see Related State Laws of the City of Atlanta, § 5-2 (disputed pension questions shall be subject to review by writ of certiorari to the Fulton Superior Court). Where there is an adequate legal remedy, resort to equity is precluded. *Wilson v. Latham*, 227 Ga. 530 (181 SE2d 830) (1971). Because the writ of certiorari provided a full legal remedy, the trial court correctly dismissed Count 2 which sought only equitable relief.

6. After the trial court entered its order dismissing Counts 1 and 2, the City filed a second amendment to its complaint adding new prayers for relief asking that the court impose a constructive trust over Jackson's fraudulently enhanced pension and over all monies received by Jackson as a result of his fraudulently obtained appointment as commissioner. As the counts pertaining to the pension issues had previously been dismissed by the court, such amendment was not timely as to the pension issues, was not addressed by the trial court, and are not properly before this court. See *Christopher v. McGehee*, 124 Ga. App. 310 (183 SE2d 624) (1971) (rule allowing amendment of pleadings cannot be extended to allow amendment after summary judgment entered).

Count 3, seeking a money judgment for all monthly or other earnings of Jackson from the City while serving as commissioner, had

not been dismissed by the court when the second amendment was filed. However, on appeal, the City presented no argument or authority in support of an implied trust over Jackson's earnings received from the City while serving as commissioner and only raises a general enumeration that the court erred in dismissing Count 3. Therefore, all enumerations of error relating to Count 3 are deemed waived under Rule 45 of this court's rules.

*Judgment affirmed. All the Justices concur, except Hunt, P. J., and Carley, J., who concur in the judgment only.*

DECIDED OCTOBER 12, 1993.

*Michael V. Coleman, Kendric E. Smith, Willie J. Lovett, Jr.,* for appellant.
*Kirwan, Goger, Chesin & Parks, Larry H. Chesin,* for appellees.