A01A2455. DIKEMAN v. MARY A. STEARNS, P.C.
(560 SE2d 115)

MILLER, Judge.

A law firm sued a client to collect unpaid legal invoices. Claiming the firm's invoices were inflated, the client refused to pay and asserted a Georgia Racketeer Influenced & Corrupt Organizations

---

(RICO) Act counterclaim on the ground that two predicate acts of overbilling through the mail existed. The court (1) refused to compel the firm to produce documents reflecting its billings to other clients, (2) entered summary judgment in favor of the firm on the RICO counterclaim, and (3) ordered the parties to mediate. Inasmuch as that the client's challenges to these three orders are meritless, we affirm.

Sidney Dikeman paid only a portion of the legal invoices of Mary A. Stearns, P.C., the firm that represented Dikeman in a divorce action. When Stearns sued to recover the outstanding fees, Dikeman contended that the invoices were inflated and counterclaimed under federal and Georgia RICO law that Stearns had committed acts of mail fraud by sending inflated invoices through the mail to her and others.

Dikeman propounded discovery seeking information on other clients of Stearns. When Stearns objected, Dikeman moved to compel, and Stearns in turn moved for a protective order. Stearns also requested discovery of those documents Dikeman intended to use as evidence at trial, which request became a subject of a motion to compel by Stearns. The court ruled in Stearns's favor on all these discovery issues.

Stearns moved for summary judgment on Dikeman's RICO counterclaim, which the court granted on the ground that Dikeman did not show evidence of two predicate acts. The court also ordered the parties to engage in mediation. Dikeman appeals the discovery, summary judgment, and mediation orders.

1. We review the court's discovery order under an abuse of discretion standard. "The trial courts have broad discretion to determine what is and what is not discoverable, and this court will not interfere with those decisions absent a clear abuse."[1]

(a) *Information Regarding Other Clients.* The first portion of the discovery order concerns Dikeman's attempt to obtain information about Stearns's bills to other clients. Interrogatories sought the names and addresses of all of Stearns's clients receiving bills at any time during a 16-month period as well as the invoice numbers of all those bills. Requests to produce sought Stearns's calendars, timekeeping computer database, a full and complete copy of the hard drive of Stearns's computers that generated documents pertaining to Dikeman, copies of all bills sent by Stearns to any client since January 1999, and all documents or notes reflecting communications within the firm. Finally, Dikeman asked Stearns to list and describe

---

[1] (Citations omitted.) *Apple Investment Properties v. Watts*, 220 Ga. App. 226, 227 (1) (469 SE2d 356) (1996); see *Hudgins v. Bawtinhimer*, 196 Ga. App. 386, 390 (5) (395 SE2d 909) (1990).

each individual photocopy Stearns made and billed to Dikeman as well as the number of photocopies billed to all clients, on a per day and per photocopier basis, over a five-month period.

The trial court found these discovery requests to be overbroad, oppressive, and annoying and to require undue burden and expense. The court also found that the requests invaded privacy expectations of Stearns's other clients. We discern no abuse of discretion. Beyond the overreaching nature of these requests, "[c]ertainly the competing interest in an individual's right to privacy must be accommodated in the discovery process."[2] As this is particularly true where the information pertains to nonparties, confidentiality concerns may justify protecting other clients' bills, not specifically related to the asserted cause of action, from discovery.[3]

(b) *Documents to be Used at Trial.* In the next portion of the discovery order, the court required Dikeman to produce those documents she intended to use at trial. Citing *E. H. Siler Realty &c. v. Sanderlin,*[4] Dikeman urges that this request was overbroad. Since *Sanderlin,* however, the Uniform Superior Court Rules became effective and require all parties as part of the pre-trial order to list "all documentary and physical evidence that will be tendered at the trial."[5] The trial court did not clearly abuse its discretion in requiring the production of this same evidence during discovery.

2. The court's summary judgment order dismissing the RICO counterclaim focused on Dikeman's inability to present evidence of two predicate acts. Dikeman freely admits that she has no such evidence. Whether under the Georgia or federal RICO Act, this defect is fatal.[6] Dikeman's post-summary judgment attempt to recharacterize the counterclaim as a common law claim for fraud is ineffectual.[7]

Dikeman also claims that in its summary judgment order, the court should have declared the written attorney fees contract between her and Stearns unenforceable. Specifically, Dikeman argues that a provision, in which she waives her right to contest invoice amounts unless she complains in writing within 30 days of billing, is unconscionable. We have previously stated that parties are free to agree to such and have upheld this provision in a legal ser-

---

[2] (Citation and punctuation omitted.) *E. H. Siler Realty &c. v. Sanderlin,* 158 Ga. App. 796, 797 (1) (282 SE2d 381) (1981).

[3] See *Hudgins,* supra, 196 Ga. App. at 390 (5); *Reece v. Selmonosky,* 179 Ga. App. 718-719 (2) (347 SE2d 649) (1986).

[4] Supra, 158 Ga. App. at 798 (2).

[5] Uniform Superior Court Rule 7.2, Par. 14; see Uniform State Court Rules, which adopt the Uniform Superior Court Rules as applicable in state courts with only a few exceptions that do not pertain to Rule 7.2.

[6] *Sedima, S.P.R.L. v. Imrex Co.,* 473 U. S. 479, 497, n. 14 (105 SC 3275, 87 LE2d 346) (1985); *Mullen v. Nezhat,* 223 Ga. App. 278, 282 (3) (477 SE2d 417) (1996).

[7] Cf. *City of Atlanta v. Jackson,* 263 Ga. 426, 428 (6) (435 SE2d 212) (1993).

vices contract;[8] we see no reason to vary from that conclusion here.

3. Dikeman claims the court had no authority to order her to participate in a mediation. Effective April 15, 1993, however, the Alternative Dispute Resolution Rules promulgated by the Supreme Court of Georgia provide that "the parties may be ordered to attend a mediation session. . . ."[9] The court was therefore authorized to order the parties to attempt mediation.

*Judgment affirmed. Andrews, P. J., and Eldridge, J., concur.*

DECIDED FEBRUARY 11, 2002 — 

*Vincent D. Sowerby*, for appellant.
*Mary A. Stearns, Christy E. Draper*, for appellee.

---

[8] *Loveless v. Sun Steel*, 206 Ga. App. 247, 249 (2) (424 SE2d 887) (1992).
[9] Alternative Dispute Resolution Rule I (defining "Mediation"); see also id., Appendix A, Rule 2.6.