74881. MOORE v. FARMERS BANK OF UNION POINT.
(360 SE2d 640)

DEEN, Presiding Judge.

For the second time this case has come before this court. On the trial level, the court found that a settlement agreement had been reached between appellant Moore, her former husband, and appellee bank. On appeal, the court remanded the case for findings of facts and conclusions of law. On remand the trial court found that a settlement agreement had been reached and that Mrs. Moore was obligated to pay the bank according to its terms. Mrs. Moore appeals on the ground that the trial court's finding that a settlement agreement had been reached was not supported by the evidence.

This case centers on the purchase of a mobile home. The sole point of agreement appears to be that the appellant and her former husband had orally agreed to sign a promissory note provided by the appellee bank. The husband signed the note, but the wife never did. The couple entered into divorce proceedings in the Oglethorpe County Superior Court several months later. A divorce was apparently granted, although no divorce decree appears in the record.

According to the bank's contentions, Mrs. Moore has made no payment on the note. Mr. Moore went bankrupt, and the bank filed suit against Mrs. Moore to collect on the note. The three parties, the bank, Mrs. Moore, and Mr. Moore, through their respective attorneys,

corresponded in an attempt to settle the dispute. Prior to trial, counsel for the bank informed the court that a settlement had been reached. Because of a dispute over the terms of the agreement, however, the case went to trial. The trial court found that an agreement had been reached and determined the essence of the terms to be contained in a letter written by the attorney for the bank to the respective attorneys for Mr. Moore and Mrs. Moore. On remand, the trial court prepared findings of fact consisting chiefly of procedural details and reiterated its holding in favor of the bank.

Thorough scrutiny of the record, however, shows that the court's findings of fact are not supported by competent evidence. The trial court, relying on *McKie v. McKie*, 213 Ga. 582 (100 SE2d 580) (1957), and *Brown v. Farkas*, 195 Ga. 653 (25 SE2d 411) (1943), held that "[s]ince a settlement agreement is also a contract, it must meet the same requirements of formation and enforceability as any other contract."

In the present case there is no evidence that there was ever a meeting of the minds in regard to the essential terms of the agreement. Mrs. Moore contended that an essential term of the agreement was the procurement of mortgage insurance at a certain cost, whereas the bank argued that this was not an essential. According to Mrs. Moore, the parties had orally agreed to terms including the insurance costs, but, when the agreement was reduced to writing, the insurance was not included. No copy of the purported agreement appears in the record. Moreover, Mrs. Moore contended that the parties had agreed to a twenty-year note, but the written terms alluded to in the letter included only a ten-year note. Further, the amount of the note was disputed: the bank's letter stated $20,000; Mr. Moore's attorney wrote that he thought the amount owed was only $12,000 or $13,000.

Our scrutiny of the record indicates that, at most, the bank's letter represents an offer to Mr. and Mrs. Moore. It refers to a $20,000 note at 9 percent interest to be payable over ten years. There is no letter in the record from Mrs. Moore's attorney accepting these terms or any other evidence indicating acceptance on her part. The letter from the attorney representing *Mr.* Moore states that the terms seem agreeable, but he questions the amount owed. Furthermore, Mr. Moore's attorney states that any acceptance must be conditioned on Mrs. Moore's accepting $600 as child support in the pending divorce settlement, and alludes to a "modification" of the divorce decree. Said modification, like the original divorce decree, does not appear in the record. Thus this court, like the trial court, has nothing before it to indicate what the "agreement" actually embraced. A contract must include all of the material terms; a settlement does not exist until all of the essential terms have been agreed to. OCGA § 13-3-2.

The absence from the record of a written agreement, as well as of

the divorce decree and the purported modification thereto, coupled with the parties' disputed versions as to several of the material terms of the alleged agreement, makes it impossible for this court to determine what, if anything, the parties actually agreed to. "[T]he making of a contract depends not on the agreement of two minds in one intention, but on the agreement of two sets of external signs, — not on the parties' having *meant* the same thing but on their having *said* the same thing." Oliver Wendell Holmes, "The Path of the Law," 10 Harv. L. Rev. 457, 464 (March 1897).

The trial court erred in ruling that the bank was entitled to enforcement of the settlement agreement, in that there was no existing agreement to be enforced; and in making a ruling on the basis of insufficient competent evidence.

*Judgment reversed. Birdsong, C. J., and Pope, J., concur.*

DECIDED SEPTEMBER 8, 1987.

*Carol F. Lawrence, Phyllis J. Holmen, John L. Cromartie, Jr.,* for appellant.

*J. Edward Allen, Jr., Sandra M. Baumwald,* for appellee.