## 76016. WILKINS v. BUTLER.
(369 SE2d 267)

Pope, Judge.

On January 23, 1986 plaintiff/appellee filed suit in the State Court of DeKalb County against defendant/appellant and defendant's employer, the DeKalb County Board of Education, seeking damages for personal injuries sustained in an automobile collision which occurred on February 10, 1984. On July 18, 1986, after having learned that defendant was no longer a resident of DeKalb County and could not be served there, plaintiff dismissed without prejudice her action against both parties. Thereafter, on September 18, 1986, plaintiff instituted the present action in the Superior Court of Henry County. Several months later, defendant, relying on *Acree v. Knab*, 180 Ga. App. 174 (348 SE2d 716) (1986), filed a motion for summary judgment in which he argued, inter alia, that because he was never served with the original DeKalb County complaint, the renewal provision contained in OCGA § 9-2-61 was inapplicable and plaintiff's Henry County action was barred by the applicable statute of limitation. Plaintiff then filed a motion for summary judgment seeking to enforce an alleged settlement agreement between the parties. On appeal, defendant contends that the trial court erred in both denying his motion and granting plaintiff's motion for summary judgment.

It is clear to us, and indeed plaintiff does not dispute, that the renewal statute was inapplicable under the facts present here and hence plaintiff's Henry County action was barred by the statute of limitation applicable to actions of this kind. See *Acree v. Knab*, supra. Consequently, the only issue we need consider on appeal is whether the parties reached an enforceable agreement to settle the controversy between them. Plaintiff argues that such an agreement was reached because defendant never withdrew his offer to settle for $4,500 which was made in February 1986 shortly after the DeKalb County action was filed; accordingly, when plaintiff notified defendant in February 1987 that she would accept his previous offer, an enforceable agreement was reached. We disagree. "If no time is prescribed for accepting an offer, it must be done within a reasonable time. [Cits.]" *Prior v. Hilton & Dodge Lumber Co.*, 141 Ga. 117, 118 (80 SE 559) (1913). "What constitutes a reasonable time in any given case must depend upon its own peculiar facts. It is generally a question for the jury, but in any case of unusual delay it may become a question of law, rather than of fact." *Home Ins. Co. v. Swann*, 34 Ga.

App. 19, 25 (128 SE 70) (1925). Accordingly, an offer not accepted within a reasonable time is deemed to have lapsed. See *Moore v. Lawrence*, 192 Ga. 441, 443 (15 SE2d 519) (1941).

Turning now to the facts of the present case, we must conclude, as a matter of law, that the original offer had lapsed at the time of plaintiff's attempted acceptance. In so finding we note that not only was the offer made a full year before the purported acceptance but also that it was made in an attempt to settle another lawsuit, which was subsequently dismissed by the plaintiff. Indeed, the parties' actions and correspondence do not indicate that they believed the offer to be outstanding at the time of the attempted acceptance or that they believed that an enforceable agreement had been reached at that time. Rather, the record shows only that plaintiff's attorney communicated to defendant's counsel in February 1987 that plaintiff was then willing to settle for $4,500 and that defendant's counsel indicated he would ascertain if his client's insurer was willing to pay that amount to settle the case. Likewise, in a letter dated March 12, 1987, plaintiff's attorney requested defendant's attorney to urge his client to settle for that amount. In this regard, the record also shows that following the alleged settlement in February 1987, discovery continued and plaintiff never attempted to compel enforcement of the purported agreement until April 1987, after defendant filed his motion for summary judgment.

"Under Georgia law, an agreement alleged to be in settlement and compromise of a pending lawsuit must meet the same requisites of formation and enforceability as any other contract. See *McKie v. McKie*, 213 Ga. 582 (100 SE2d 580) (1957)." *Blum v. Morgan Guar. Trust Co.*, 709 F2d 1463, 1467 (11th Cir. 1983); *Moore v. Farmers Bank*, 184 Ga. App. 86 (360 SE2d 640) (1987). In this regard, "[i]t is well settled that an agreement between two parties will occur only when the minds of the parties meet at the same time, upon the same subject matter, and in the same sense. See *Fonda Corp. v. Southern Sprinkler Co.*, 144 Ga. App. 287 (1) (241 SE2d 256) (1977); *Jack V. Heard Contractors v. Adams Constr. Co.*, 155 Ga. App. 409, 412 (271 SE2d 222) (1980)." *Cox Broadcasting v. Nat. Collegiate Athletic Assn.*, 250 Ga. 391, 395 (297 SE2d 733) (1982). Clearly, such a meeting of the minds never occurred in the present case and the trial court erred in so finding.

*Judgment reversed. McMurray, P. J., and Benham, J., concur.*

DECIDED APRIL 6, 1988 —
REHEARING DENIED MAY 6, 1988 —

*Michael S. Huff, Reagan W. Dean*, for appellant.

*Clarence R. Horne, Jr.*, for appellee.