A93A0996. GROSSMAN et al. v. SMITH, BARNEY REAL
ESTATE FUND et al.
(438 SE2d 700)

COOPER, Judge.

Appellants appeal from the trial court's order granting appellees' joint motion to enforce an oral settlement agreement.

Appellants owned a shopping center development and leased a parcel located on the corner of the shopping center to USA Petroleum for use as a service station. Appellants had granted USA Petroleum an ingress/egress easement across two driveway openings and two access lanes of the shopping center for pedestrian and vehicular traffic excluding gasoline delivery vehicles. Appellants sold the shopping center to appellee Smith, Barney Real Estate Fund, but retained ownership of the corner lot.[1] Appellants and Smith, Barney executed an agreement giving Smith, Barney an option to purchase the corner parcel. The agreement provided that Smith, Barney would grant appellants an easement across the shopping center for vehicular and pe-

---

[1] Smith, Barney Real Estate Fund was subsequently named Security Capital Real Estate Fund and is now named Sentinel Real Estate Fund. Security Capital Real Estate Corporation is now named Sentinel Real Estate Corporation. All are appellees in this case; however, for purposes of convenience, Smith, Barney and its successors are collectively referred to as Smith, Barney.

destrian traffic, excluding trucks, and use of 40 parking spaces if it either did not exercise the option or after exercise defaulted on its obligation to purchase the parcel. Smith, Barney exercised its option, but the closing date for the sale was postponed several times. Appellants and Smith, Barney eventually executed a second agreement providing that if Smith, Barney's election to close was not given before October 1, 1984, it would be deemed to have elected not to close and the parties would have no further rights under the agreement. Smith, Barney sold the property to appellee First Capital Income Properties, Ltd. on September 25, and neither Smith, Barney nor First Capital gave notice of their election to purchase the corner parcel by October 1, the result of which was that the easement across the shopping center was never granted to appellants.

Appellants filed the underlying action alleging there was no consideration for the second agreement and they were entitled to equitable relief. All three parties filed motions for summary judgment. Appellee Smith, Barney also filed a motion to enforce an oral settlement the parties had purportedly reached in June 1989 pursuant to which appellees would pay appellants $37,500 and appellee First Capital would grant appellants the easement they would have received under the option agreement. First Capital adopted Smith, Barney's motion to enforce.

Counsel for both appellees testified by affidavit that the parties had reached a settlement agreement in June 1989 which included the granting of an ingress/egress easement to appellants. However, counsel for Smith, Barney testified that the easement to be granted was that which appellants would have received under the option agreement while counsel for First Capital testified that after appellants attempted to enlarge the easement the parties had agreed on to include trucks, he sent a letter to appellants' counsel on January 3, 1990, stating that First Capital would grant appellants the same easement appellants had previously granted to USA Petroleum, which excluded gasoline delivery vehicles. In contrast, appellants' counsel testified by affidavit that the terms of the easement rights were never agreed upon. He testified that after the parties exchanged several proposed drafts of the easement, they abandoned efforts to agree on the easement.

Both sides submitted documentary evidence consisting of proposed drafts of the settlement agreement and the easement and letters between counsel for the parties concerning negotiations over the proposed easement. After a hearing, the trial court denied the parties' motions for summary judgment but granted appellees' joint motion to enforce settlement, finding documents exchanged between counsel established that the parties had agreed to an easement equal to that which appellants had previously granted to USA Petroleum which

specifically excluded gasoline delivery vehicles.

Appellants contend the trial court erred in granting the motion to enforce the oral settlement agreement because the terms of the easement to be granted under the settlement were never agreed upon. Appellants bear the burden of showing that the trial court's findings of fact were clearly erroneous. *Cross v. Cook*, 147 Ga. App. 695 (2) (250 SE2d 28) (1978). "[A]n oral settlement agreement must be definite, certain and unambiguous. For such an agreement to be binding on the parties it should be clear that it is full and complete, covers all issues, and is understood by all litigants concerned. . . . The consent of the parties being essential to a contract, until each has assented to all the terms, there is no binding contract; until assented to, each party may withdraw his bid or proposition." (Citations, punctuation and emphasis omitted.) *Poulos v. Home Fed. Savings &c. Assn.*, 192 Ga. App. 501, 502 (2) (385 SE2d 135) (1989).

"Oral settlement agreements are enforceable if their existence is established without dispute, but where the very existence of the agreement is disputed, it may only be established by a writing." (Citations and punctuation omitted.) *Reichard v. Reichard*, 262 Ga. 561, 564 (2) (423 SE2d 241) (1992). "This requirement of a writing goes to the certainty that an agreement exists and to the certainty of the terms of the agreement. . . . The writing which will satisfy this requirement ideally consists of a formal written agreement signed by the parties. However, letters or documents prepared by attorneys which memorialize the terms of the agreement reached will suffice." *Brumbelow v. Northern Propane Gas Co.*, 251 Ga. 674, 676 (2) (308 SE2d 544) (1983).

While there is evidence the parties had orally agreed to settle the case in exchange for the payment of $37,500 and the granting of an ingress/egress easement by appellee First Capital to appellants, appellants disputed that any agreement had ever been reached as to the terms of that easement. As such, appellees were required to produce a writing which memorialized the terms of the agreement. See *Brumbelow*, supra at 676. However, contrary to the trial court's finding, it cannot be said that correspondence between counsel negotiating the terms of the proposed easement provides sufficient evidence that the parties had agreed to an easement only equal to that which appellants had previously given to USA Petroleum.

On August 8, 1989, counsel for appellants wrote Smith, Barney's counsel requesting a copy of the proposed settlement agreement and stating that he was awaiting a copy of the proposed easement from First Capital's counsel. On August 24, counsel for Smith, Barney sent a letter to both counsel for appellants and counsel for First Capital forwarding a proposed draft of the release and settlement agreement. The release referred to an "Easement and Restriction Agreement at-

tached hereto"; however, no such easement is attached to the proposed settlement release contained in the record. Although the trial court's order found that the easement agreement was not attached because counsel for First Capital and counsel for appellants had not yet finalized the language of the easement, the record reflects no evidence of this. The next correspondence reflected in the record is a November 10 letter from appellants' counsel to First Capital's counsel forwarding a proposed draft of the easement which included gasoline delivery vehicles. On January 3, 1990, First Capital's counsel responded by stating "First Capital will not accept the terms of the draft which you last forwarded to me." The January 3 letter further indicated, however, that First Capital would give appellants an easement equal to that which appellants had previously given USA Petroleum, which excluded only gasoline delivery vehicles as opposed to excluding trucks entirely. On January 18, appellants' counsel wrote counsel for First Capital advising that the manager of the service station had said the gasoline delivery trucks needed to use the curb cuts and access lanes permitted under the easement since there was a concern the trucks might turn over if they used the other curb cuts benefitting the corner parcel. The January 18 letter also noted that appellants were concerned that the local authorities might eliminate one or more of the existing curb cuts to the corner lot. On February 5, counsel for First Capital sent a letter to appellants' counsel stating that his clients' position remained the same and that his clients were "willing to give [appellants] as much as [appellants] gave USA Petroleum." On February 9, appellants' counsel wrote back: "[appellants] gave USA Petroleum the curb cuts and access lanes (cross-hatched) shown on the site plan. Those are the very areas which [appellants] now [want] preserved in our proposed easement. I, therefore, do not feel that our position is inconsistent with your position. Am I missing something? Please give [me] a call to further discuss this matter." On March 19, appellants' counsel wrote counsel for First Capital offering to compromise by limiting gasoline trucks to only one of the two access lanes and on March 23 counsel for First Capital responded by rejecting this proposal and inquiring whether the parties would be able to settle the case. The above correspondence does not establish that the parties had reached an agreement regarding the easement to be granted under the settlement agreement.

Because there is no evidence that there was ever a meeting of the minds as to the essential terms of the easement to be granted under the settlement, we find there was no agreement to be enforced. See *Poulos*, supra at 503; *Moore v. Farmers Bank of Union Point*, 184 Ga. App. 86 (360 SE2d 640) (1987); *Bridges v. Bridges*, 256 Ga. 348 (349 SE2d 172) (1986). We reject appellees' contention that appellants had agreed to an ingress/egress easement which excluded delivery trucks

but later sought to include delivery trucks in the easement, as appellants' counsel disputes the existence of any such agreement and there is no writing before the court sufficiently memorializing the terms of the proposed easement. See *Brumbelow*, supra. Accordingly, we reverse the trial court's order granting appellees' motion to enforce the settlement agreement.

*Judgment reversed. Smith, J., concurs. Beasley, P. J., concurs in judgment only.*

DECIDED DECEMBER 3, 1993.

*Hull, Towill, Norman & Barrett, Patrick J. Rice*, for appellants.

*Fulcher, Hagler, Reed, Hanks & Harper, James W. Purcell, Nations, Yates & Freeman, J. Comer Yates, Dye, Tucker, Everitt, Wheale & Long, A. Rowland Dye*, for appellees.