A94A1127. JOHNSON v. GWINNETT COUNTY et al.
(449 SE2d 856)

BLACKBURN, Judge.

Appellant Patricia Johnson brought the underlying wrongful death action against Gwinnett County to recover damages resulting from the death of her son. Johnson enumerates as error the trial court's denial of her motion to enforce a settlement agreement and its grant of Gwinnett County's motion for summary judgment based upon OCGA § 31-11-8 (Good Samaritan Immunity).

Johnson's cause of action is based on the alleged negligence of Gwinnett County Emergency Medical Services, who were summoned to her son's aid when he experienced difficulty in breathing. The emergency medical technicians attempted several times to place an endotracheal tube in the trachea of Johnson's son to assist his breathing. However, the tube was inserted into his esophagus where it resulted in a deprivation of oxygen to the decedent's brain, ultimately resulting in his death.

1. The Good Samaritan Immunity statute provides that "[a]ny person, including agents and employees, who is licensed to furnish ambulance service and who in good faith renders emergency care to a person who is a victim of an accident or emergency shall not be liable for any civil damages to such victim as a result of any act or omission by such person in rendering such emergency care to such victim." OCGA § 31-11-8 (a). Johnson argues that the purchase of insurance by Gwinnett County waived the immunity provided under this Code section. Johnson relies on an analysis usually presented in cases of sovereign immunity.

The trial court determined that Good Samaritan Immunity is not analogous with sovereign immunity, finding that sovereign immunity

arose from the constitution and barred holding the government liable for the torts of its officers or agents unless such immunity was expressly waived by statute. Ga. Const. 1983, Art. I, Sec. II, Par. IX. The trial court distinguished the appropriateness of finding a waiver in the context of sovereign immunity, where it is expressly provided for by the Georgia Constitution, from the Good Samaritan Immunity statute which provides for no such waiver.

In *Hosp. Auth. of Clarke County v. Martin*, 210 Ga. App. 893 (438 SE2d 103) (1993), we determined that the Hospital Authority should not be liable for punitive damages up to the extent of their insurance coverage because the purchase of insurance by the Hospital Authority did not alter the public policy against the award of such damages. Additionally, as recognized by the trial court, in *Ramsey v. City of Forest Park*, 204 Ga. App. 98 (418 SE2d 432) (1992), we found that "a claim of immunity under OCGA § 31-11-8 cannot be waived by those persons to whom the statute applies; and among those 'persons' to whom the statute applies are 'municipalities' and 'counties,' as they are an 'organization of any kind, including any governmental agency other than of the United States.' OCGA § 31-11-2 (18)." Therefore, the trial court correctly granted Gwinnett County's motion for summary judgment.

2. The record reveals that settlement negotiations were conducted throughout this case. Gwinnett County's response to plaintiff's first settlement demand of $750,000 on May 24, 1993 was to counter-offer $75,000 on July 7, 1993. On July 16, 1993, plaintiff demanded $475,000. On August 3, 1993, Gwinnett County raised its offer to $100,000. This offer was rejected by plaintiff on August 26, 1993, when plaintiff demanded $450,000. Gwinnett County then filed its motion for summary judgment based upon the Good Samaritan statute. Immediately prior to oral argument on defendant's motion for summary judgment on November 4, 1993, counsel for the parties again discussed settlement. Counsel for Gwinnett County stated that they were unwilling to increase their $100,000 offer. While it is disputed whether counsel for plaintiff again specifically rejected this $100,000 figure, it is undisputed that plaintiff did not accept the counteroffer and that, as a result thereof, the parties proceeded to argue defendant's motion for summary judgment. The trial court reversed, ruling on the defendant's motion for summary judgment. Thereafter, on the same day, counsel for plaintiff faxed a letter to counsel for defendant purporting to accept the previously rejected $100,000 counteroffer. Gwinnett County took the position that the rejected counteroffer was no longer outstanding and plaintiff's acceptance came too late.

"Under Georgia law, an agreement alleged to be in settlement and compromise of a pending lawsuit must meet the same requisites

of formation and enforceability as any other contract. In this regard, it is well settled that an agreement between two parties will occur only when the minds of the parties meet at the same time, upon the same subject matter, and in the same sense." (Citations and punctuation omitted.) *Wilkins v. Butler*, 187 Ga. App. 84, 85 (369 SE2d 267) (1988).

The trial court determined that the very existence of any settlement agreement was contested. Therefore, as no oral agreement was established pursuant to Uniform Superior Court Rule 4.12, such agreement must be in writing to be enforceable. *LeCroy v. Massey*, 185 Ga. App. 828, 829 (366 SE2d 215) (1988). Factual findings made by the trial court will not be set aside unless clearly erroneous. *Mutual Ins. Co. of New York v. Dublin Pub*, 190 Ga. App. 94, 95 (378 SE2d 497) (1989). In the case sub judice, the findings of the trial court were amply supported. Therefore, the trial court correctly denied Johnson's motion to enforce the alleged settlement agreement.

*Judgment affirmed. Birdsong, P. J., and Senior Appellate Judge Harold R. Banke concur.*

DECIDED AUGUST 5, 1994 —
RECONSIDERATION DENIED OCTOBER 31, 1994 —

*Del Percilla, Jr., Thomas W. Malone*, for appellant.
*Chandler & Britt, Walt M. Britt, Gregory D. Jay, Caryl B. Sumner*, for appellees.