A94A2274, A94A2275. SOUTHERN MEDICAL CORPORATION v. LIBERTY MUTUAL INSURANCE COMPANY; and vice versa.
(454 SE2d 180)

BIRDSONG, Presiding Judge.

We granted both parties' separate applications for interlocutory appeal to review the trial court's order denying both parties' cross-motions for summary judgment seeking to enforce a settlement agreement in an action to collect premiums for workers' compensation insurance. As the appeals arise from the same action below, the parties' appeals are consolidated for disposition. Both parties contend the case was settled by Southern Medical's agreement to consent to judgment, that the attorneys had authority to enter into the settlement agreement, and that the settlement agreement should be enforced.

The record shows that after Liberty Mutual sued Southern Medi-

cal to recover approximately $65,000 unpaid premiums for workers' compensation insurance on the hospital's employees, the case was placed on a trial calendar. Counsel for the parties then began settlement negotiations.

These negotiations culminated in a letter from Liberty Mutual's counsel that outlined the agreement between the parties. According to the letter, Southern Medical agreed to a consent judgment for the full amount sought in Liberty Mutual's suit in return for Liberty Mutual's agreement that the judgment would be entered when Southern Medical ceased operation. The relevant portions of the letter state as follows: "Please accept this letter as confirmation of our discussions . . . regarding [this case]. After discussion and negotiation we determined that the best interest of our clients rested in administratively closing this action before Toombs County until such time as your client's last facility is closed. Upon the cessation of operations by your client you have agreed to enter into a consent judgment against the corporation in the entire amount sued upon." The terms of the agreement were announced later in open court and the case was removed from the trial calendar.

Subsequently, the particular attorney who negotiated the agreement left the firm representing Liberty Mutual and another attorney assumed responsibility for the case. The new attorney then requested that the case be placed on the calendar of a trial term. When Southern Medical moved to enforce the settlement agreement, Liberty Mutual also moved to enforce the settlement agreement contending that Southern Medical had ceased operations, and responded to Southern Medical's motion with a certificate of fact from the Office of the Secretary of State of Georgia that stated: "Southern Medical Corporation a domestic profit corporation was mailed a notice in accordance with Title 14 of the Official Code of Georgia Annotated and was involuntarily or administratively dissolved or revoked by the Office of the Secretary of State on [July 1, 1993] for failure to file its annual registration. This certificate is issued pursuant to Title 14 of the Official Code of Georgia Annotated and is prima-facie evidence of the existence or nonexistence of the facts stated herein." This certificate was filed on January 31, 1994. In response, Southern Medical, on the day of the hearing on the motions, filed an affidavit that stated that the affiant had "personal knowledge of the facts set forth herein. I am an officer of Southern Medical Corporation and I hereby confirm that Southern Medical Corporation continues in business and Southern Medical Corporation's last facility has not been closed." After the trial court denied both motions, these appeals followed. *Held*:

1. Although whether a settlement agreement is enforceable as a contract is a question of law for the court to decide (*Gray v. Higgins*, 205 Ga. App. 52, 53 (421 SE2d 341)), the lower court elected to con-

sider the enforceability of this agreement on cross-motions for summary judgment. Therefore, we will apply summary judgment law in deciding these appeals.

2. " 'Under Georgia law, an agreement alleged to be in settlement and compromise of a pending lawsuit must meet the same requisites of formation and enforceability as any other contract. In this regard, it is well settled that an agreement between two parties will occur only when the minds of the parties meet at the same time, upon the same subject matter, and in the same sense.' (Citations and punctuation omitted.) *Wilkins v. Butler*, 187 Ga. App. 84, 85 (369 SE2d 267) (1988)." *Johnson v. Gwinnett County*, 215 Ga. App. 79, 80 (449 SE2d 856). Further, the "compromise of a dispute is binding on the parties. The law favors compromises, and a promise made in extinguishment of a doubtful claim is sufficient to support a valid contract. Where parties to litigation have entered into a definite, certain, and unambiguous settlement agreement, which is not denied, the trial court should make the agreement the judgment of the court, thereby terminating the litigation." (Citation and punctuation omitted.) *Smith v. Haverty Furniture Co.*, 173 Ga. App. 447, 448 (326 SE2d 812). Here, as both parties have moved to enforce the settlement agreement there are no issues concerning the authority to enter into the agreement or the terms of the agreement. The only question concerned whether the time for enforcement of the agreement had arrived, i.e., whether Southern Medical Corporation had ceased operations.

Although there is some question whether the certificate of the Secretary of State and the affidavit by the Southern Medical officer were timely filed under OCGA § 9-11-56 (c), the trial court has discretion to consider untimely affidavits. *Brown v. Williams*, 259 Ga. 6, 7 (375 SE2d 835); *Splish Splash Waterslides v. Cherokee Ins. Co.*, 167 Ga. App. 589, 595 (307 SE2d 107). As the trial court clearly considered both documents, we must conclude that it did so through the exercise of its discretion, and will conduct our review accordingly. Moreover, we note that other affidavits and statements filed in the trial court referred to matters which were clearly hearsay. Of course, "hearsay testimony is not only inadmissible but wholly without probative value, and its introduction without objection does not give it any weight or force whatever in establishing a fact." *Higgins v. Trentham*, 186 Ga. 264 (1) (197 SE 862). Therefore, hearsay contained in the affidavits cannot be considered.

3. The standards applicable to motions for summary judgment are announced in *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474). In considering whether the affidavit of the Southern Medical officer was sufficient to warrant the trial court's deferring the enforcement of the agreement by entry of the consent judgment until some future date, we note that the affidavit sets forth such facts that would be

admissible in evidence, and shows affirmatively that the officer was competent to testify to the matters stated in the affidavit. OCGA § 9-11-56 (e). Therefore, the affidavit was sufficient to establish that Southern Medical continued in operation and that its last facility had not closed. This was sufficient to rebut Liberty Mutual's motion for summary judgment.

Although Liberty Mutual relied upon the certificate from the Secretary of State's office to establish its case, the certificate was insufficient for its purposes. Under OCGA § 14-2-128 (c) the matters stated in the certificate were conclusive unless rebutted. Here the affidavit was sufficient to rebut the certificate. Moreover, the certificate did not satisfy Liberty Mutual's objection to establish that Southern Medical's last facility had closed.

Therefore, although we find that the agreement embodied in the letter from Liberty Mutual's former counsel was the consent agreement between the parties, the trial court did not err by refusing to enforce the consent agreement at this time. Therefore, the order of the trial court denying both parties' motions for summary judgment must be affirmed.

*Judgments affirmed. Blackburn and Ruffin, JJ., concur.*

DECIDED FEBRUARY 13, 1995.

*Newton, Smith, Durden, Kaufold & Rice, William R. Rice, Liggin & Winkler, H. James Winkler*, for appellant.
*Lamb & Associates, W. L. Henderson*, for appellee.

