A97A1086. SIMMONS v. McBRIDE.
(492 SE2d 738)

Judge Harold R. Banke.
In this pro se breach of contract action, J. E. Simmons sued Cary McBride a/k/a Carry McBride and Milton Mitchell, alleging that they failed to pay for seven two-ton truck loads of pine straw they removed from Simmons' property. Simmons sought $14,000 in damages. Mitchell defaulted, and judgment was entered against him. After a hearing on the claim against McBride, the trial court determined that no contract existed and entered judgment for McBride. Simmons

then filed this pro se appeal, enumerating two errors.[1] *Held*:

The record shows that Simmons initially sold his pine straw for $.25 per bale. One of his customers was McBride's employer, Boyette Smith, who operated a nearby pine straw bailing operation. Simmons subsequently raised his price to $500 per pickup truck load, advertising the new terms on a sign at the entry to his property.[2] When he raised the price, Simmons notified his customers that he would charge them with theft or trespass if they were caught on his property.

After Simmons' agent observed McBride and Mitchell leaving Simmons' property with a truck load of pine straw, he summoned law enforcement. When the agent and a deputy returned to the property, they found McBride and Mitchell loading their truck with another load of pine straw. McBride and Mitchell admitted to removing seven two-ton truck loads of pine straw, the equivalent of twenty-eight pickup loads. They stated that they were gathering the pine straw at the direction of their employer, Smith, who had given them the key to Simmons' gate. *Held*:

Simmons maintains the trial court erred in finding that McBride (1) did not assent to paying $500 per truck load of pine straw and (2) did not understand that the posted sign was an offer directed at him personally. Because both these enumerations hinge on the issue of McBride's assent, we address them jointly.

In bench trials, the court sits as the trier of fact, and its findings will not be reversed absent clear error. *Decatur Co. v. Bowen*, 203 Ga. App. 84, 87 (1) (416 SE2d 304) (1992). Thus, if any evidence supports the trial court's determination that McBride never assented to Simmons' purported terms, we must affirm. Id.

A meeting of the minds is " '[t]he first requirement of the law relative to contracts.' " *White & Assoc. v. Decker & Hallman, P.C.*, 203 Ga. App. 14 (1) (416 SE2d 352) (1992). " ' "In order that there may be an agreement, the parties must have a distinct intention common to both and without doubt or difference. Until all understand alike, there can be no assent . . . to the same thing in the same sense, and their minds must meet as to all the terms." ' " *Christensen v. Roberds of Atlanta*, 189 Ga. App. 289, 291 (2) (375 SE2d 267) (1988) (physical precedent only).

Simmons presented no evidence that McBride ever agreed to the terms of the purported contract. The mere fact that Simmons posted a price and McBride took the pine straw was insufficient to establish the existence of a contract, particularly in light of the evidence that

---

[1] McBride failed to file an appellee's brief, notwithstanding this Court's order requiring him to do so.

[2] Testimony established that this adjustment hiked the price almost $40 per bale.

McBride was acting at the direction of his employer, who gave him a key to enter the property. See id.; Restatement (2d) of Contracts, § 53, comment (a) ("In the absence of a contrary indication, the question is whether acceptance by performance is reasonable under the circumstances."). The evidence of Simmons' prior dealings with McBride's employer also undermines the contention that McBride accepted the offer displayed on the signs. See *White Lumber Sales v. C. Brinson Lamb &c. Co.*, 121 Ga. App. 702 (175 SE2d 81) (1970).

While Simmons no doubt would have been entitled to some compensation for his loss, a breach of contract action seeking to enforce terms well beyond the pine straw's market value was not the appropriate avenue for relief. Because Simmons failed to meet his burden of showing clear error in the trial court's disposition of his case, we affirm. *Grossman v. Smith, Barney Real Estate Fund*, 211 Ga. App. 243, 245 (438 SE2d 700) (1993).

*Judgment affirmed. Birdsong, P. J., and Eldridge, J., concur.*

DECIDED OCTOBER 8, 1997.

J. E. Simmons, *pro se.*
Byrd & Anthony, Lovick P. Anthony, Jr., for appellee.