A98A0325. TEKIN et al. v. WHIDDON et al.

(504 SE2d 722)

POPE, Presiding Judge.

Edward Whiddon was paralyzed from the waist down during a hernia surgery at Henry General Hospital. He and his wife Carole Whiddon brought a medical malpractice and loss of consortium lawsuit in Fulton County against Metropolitan Anesthesiology Associates, Dr. Mahir Tekin and nurse anesthetist Charles Luker. Metropolitan, Tekin and Luker are insured by St. Paul Fire & Marine Insurance Company under two policies referred to as the "D policy" and the "E policy." The D policy covers Metropolitan up to $1 million and Tekin up to an additional $1 million. The E policy covers Luker for $1 million. The parties are in dispute as to whether the E policy also provides another $1 million in coverage for Metropolitan. Nevertheless, there is no question that both policies provide at least $3 million in total coverage for Metropolitan, Tekin and Luker.

Neither of the policies was given to the Whiddons before or during the trial. During pre-trial discovery the Whiddons requested production of the applicable insurance policies. Metropolitan and Tekin did not produce the policies, but responded that they would make the documents available for inspection. An inspection never took place, although the Whiddons learned from St. Paul that Tekin had $1 million in coverage.

The parties tried to reach a settlement, but were unsuccessful. Before trial the court dismissed Luker on the ground that venue as to him was proper only in Henry County. The case was then tried before a jury. On the last day of trial a St. Paul representative told the Whiddons' lawyer that she wanted to make sure he understood the coverage. She then told him about the total of $2 million in coverage under the D policy for Tekin and Metropolitan, but did not mention the E policy coverage of Luker.

Thereafter, throughout the last day of the trial, the St. Paul representative and the Whiddons' lawyer tried to negotiate a settlement limiting the amount of the Whiddons' highest and lowest possible recoveries on the jury's verdict. The Whiddons' lawyer repeatedly

insisted that an essential condition of any settlement was certification that $2 million was the full limit of coverage for all defendants. After several offers and counter-offers by both sides, the Whiddons' lawyer told the St. Paul representative that his clients would accept her last offer of a high limit of $1,600,000 and a low limit of $600,000, pursuant to the conditions they had already discussed. A lawyer for Metropolitan and Tekin wrote the following notes about the settlement: "all claim, all defendant; Luker out; confidential; no post trial motion; payment in 30 days; no less than 600,000; no more than 1,600,000; no interest due on unliquidated; interest out." None of the parties signed the handwritten notes. The Whiddons' lawyer and the St. Paul representative told the court that a settlement had been reached. The jury then announced its verdict for the Whiddons in the total amount of $5,650,000.

Several days later the Whiddons' lawyer asked for and received copies of both the D and E insurance policies from St. Paul. Because the policies showed that the full limit of coverage for Metropolitan, Tekin and Luker was more than $2 million, the Whiddons' lawyer informed Metropolitan, Tekin and St. Paul that he was declaring the settlement agreement null and void due to misrepresentations and omissions regarding the limits of insurance available to pay the Whiddons' claims.

Metropolitan and Tekin filed a motion to enforce the purported settlement agreement limiting the amount of their liability to $1,600,000. The trial court denied the motion and entered judgment on the jury verdict. Metropolitan and Tekin appeal, challenging the court's denial of their motion to enforce the settlement.

1. Metropolitan and Tekin contend the trial court erred in finding that there was no enforceable written agreement between the parties. This contention is without merit.

"Ordinarily, for an attorney to bind his client to a settlement agreement where there is a dispute as to terms, the agreement must be in writing. [Cit.] This requirement of a writing goes to the certainty that an agreement exists and to the certainty of the terms of the agreement, not to the question of consent of the client to the agreement. The writing which will satisfy this requirement ideally consists of a formal written agreement signed by the parties. However, letters or documents prepared by attorneys which memorialize the terms of the agreement reached will suffice." *Brumbelow v. Northern Propane Gas Co.*, 251 Ga. 674, 676 (2) (308 SE2d 544) (1983). In the instant case, there is a dispute as to the terms of the purported settlement agreement. The Whiddons assert that a condition precedent to the settlement was certification that the full amount of insurance coverage available to Metropolitan, Tekin and Luker was $2 million. Metropolitan and Tekin claim that such certifi-

cation about the amount of available insurance coverage was not a condition of the settlement agreement. Because the parties disagree as to the terms of the attempted settlement, Metropolitan and Tekin, as the proponents of the settlement, must establish its existence in writing. *Herring v. Dunning*, 213 Ga. App. 695, 697 (446 SE2d 199) (1994). It is undisputed that there is no formal written agreement signed by the parties. Metropolitan and Tekin, however, contend that the writing requirement is satisfied by their lawyer's handwritten notes.

Contrary to the contention of Metropolitan and Tekin, merely because their lawyer made notes concerning the attempted settlement, the trial court was not bound to find that those notes constituted a full and binding statement of the essential terms of the agreement. The notes simply provided some evidence upon which the court could base its decision about the existence and terms of the purported agreement. It is undisputed that no one signed the notes, and the Whiddons' attorney testified by affidavit that while he knew the opposing lawyer was making notes regarding the settlement, he did not in any way approve of the notes as being a complete memorial of all the terms and conditions of the settlement.

Furthermore, the court determined that an essential condition of the attempted settlement was certification that $2 million was the full insurance available to cover the Whiddons' claims. This determination is supported by the evidence that on the day the parties reached their purported settlement, the St. Paul representative told the Whiddons' lawyer that there was $2 million in coverage for Metropolitan and Tekin. Throughout the day the Whiddons' lawyer repeatedly stated during settlement discussions, both in writing and verbally, that a settlement agreement must be conditioned on certification that $2 million was the limit of coverage for all defendants. Moreover, when the parties thought they had finally reached an agreement the Whiddons' lawyer reiterated that the agreement was subject to the conditions set forth in his earlier settlement proposals. Thereafter, the parties announced their settlement to the court. Because this evidence supports the trial court's finding that certification of the amount of insurance coverage was a condition of the settlement, we must uphold the finding. *Morrow v. Vineville United Methodist Church*, 227 Ga. App. 313, 317 (2) (489 SE2d 310) (1997); *Johnson v. Gwinnett County*, 215 Ga. App. 79, 81 (2) (449 SE2d 856) (1994).

The attorney's handwritten notes make no mention of certification of $2 million as the limit of available insurance coverage. The notes therefore did not memorialize all the essential terms of the settlement and the trial court was authorized to conclude that the notes did not constitute a valid and enforceable agreement. *Johnson*

*v. Gwinnett County,* 215 Ga. App. at 81 (2); *Grossman v. Smith, Barney &c.,* 211 Ga. App. 243, 247 (438 SE2d 700) (1993). Because there is no writing establishing the entire agreement, the trial court was correct in denying the motion of Metropolitan and Tekin to enforce the settlement. *LeCroy v. Massey,* 185 Ga. App. 828, 829 (366 SE2d 215) (1988).

2. The trial court was also authorized to find that there was no enforceable oral settlement agreement. "An oral settlement agreement must be definite, certain and unambiguous. For such an agreement to be binding on the parties it should be clear that it is full and complete, covers all issues, and is understood by all litigants concerned." (Citations and punctuation omitted.) *Grossman v. Smith, Barney &c.,* 211 Ga. App. at 245. "Under Georgia law, an agreement alleged to be in settlement and compromise of a pending lawsuit must meet the same requisites of formation and enforceability as any other contract. In this regard, it is well settled that an agreement between two parties will occur only when the minds of the parties meet at the same time, upon the same subject matter, and in the same sense." (Citations and punctuation omitted.) *Southern Med. Corp. v. Liberty Mut. Ins. Co.,* 216 Ga. App. 289, 291 (2) (454 SE2d 180) (1995). In the current case, the minds of the parties did not meet at the same time, upon the same subject matter, and in the same sense concerning the certification of the amount of insurance coverage available to pay the Whiddons' claims. The Whiddons intended the certification of coverage as to all defendants to include Metropolitan, Tekin and Luker. But St. Paul either intended that there be no certification or that the certification include only Metropolitan and Tekin. "In order that there may be an agreement, the parties must have a distinct intention common to both and without doubt or difference." (Citation and punctuation omitted.) *Simmons v. McBride,* 228 Ga. App. 752, 753 (492 SE2d 738) (1997). Because both sides had different intentions with respect to the certification of the full extent of insurance available to pay the Whiddons' claims, there was no meeting of the minds on that essential condition to the agreement.

"A meeting of the minds is the first requirement of the law relative to contracts." (Citation and punctuation omitted.) *Simmons v. McBride,* 228 Ga. App. at 753. See OCGA § 13-3-2. "(I)f there was in fact any essential part of the contract upon which the minds of the parties had not met, or upon which there was not an agreement it must follow that a valid and binding contract was not made." (Citations and punctuation omitted.) *BellSouth Advertising &c. Corp. v. McCollum,* 209 Ga. App. 441, 445 (2) (433 SE2d 437) (1993). Because the minds of the parties in the instant case did not meet on the certification of available insurance coverage, no valid contract was made and the trial court therefore did not err in refusing to enforce the

purported settlement agreement. See *Johnson v. Gwinnett County*, 215 Ga. App. at 81 (2); *Crumpton v. Kelly*, 185 Ga. App. 245, 246-247 (2) (363 SE2d 799) (1987).

3. Because of our holdings in Divisions 1 and 2 we need not address the remaining arguments of Metropolitan and Tekin.

*Judgment affirmed. Beasley and Ruffin, JJ., concur.*

DECIDED JULY 16, 1998 —
RECONSIDERATION DENIED JULY 30, 1998 — 

*Blasingame, Burch, Garrard, Bryant & Ashley, J. Ralph Beaird, Kathleen M. Timmons, Milton F. Eisenberg II, Long, Weinberg, Ansley & Wheeler, Robert G. Tanner, Stephen R. Chance*, for appellants.

*Doffermyre, Shields, Canfield & Knowles, Foy R. Devine, Bondurant, Mixson & Elmore, Emmet J. Bondurant*, for appellees.