A99A1997. THOMAS et al. v. PHILLIPS et al.

(524 SE2d 298)

PHIPPS, Judge.

Timothy Thomas contracted with Phillips & Gilkey Builders, Inc. (PGBI) for the construction of a home for himself and his wife. After Thomas and PGBI charged each other with breach of contract because construction was not completed in a timely fashion, a dispute concerning PGBI's retention of $77,000 in earnest money was submitted to mediation/arbitration before Edward Henning d/b/a Henning Mediation & Arbitration Service, Inc. (HMAS). Henning found that a final settlement agreement had been orally agreed upon and entered an award in favor of the Thomases and against PGBI and its principals, Phillips and Gilkey.

PGBI, Phillips, and Gilkey (the PGBI plaintiffs) claimed that no final settlement agreement was ever reached and brought this action against the Thomases and HMAS to vacate the arbitration award. The Thomases counterclaimed for enforcement of the settlement agreement and recovery of litigation expenses.

The Thomases appeal the trial court's denial of their motion for partial summary judgment on their counterclaims and the court's sua sponte grant of summary judgment to Phillips and Gilkey on the question of whether the purported settlement agreement can be enforced against them individually. Because we find that the Thomases were not entitled to partial summary judgment and that the sua sponte grant of summary judgment to Phillips and Gilkey was supported by the record, we affirm.

PGBI and Thomas were the only parties to the arbitration agreement and the underlying contract. Henning, the Thomases and their attorney Clark, and Phillips and PGBI's attorney Moore were present at the arbitration proceeding. Gilkey was not there but partici-

pated by communicating with Phillips, Moore, and Henning by telephone.

Arbitration commenced on July 15, 1997. On the afternoon of July 17, arbitration shifted to a mediation between the Thomases and Phillips with Henning as mediator. The parties agreed that the ensuing settlement discussions could not be used in evidence upon any renewal of the arbitration proceedings.

On the evening of July 17, the Thomases and attorney Clark and Phillips and attorney Moore reconvened before Henning. Henning, the Thomases, and Clark testified that during mediation Phillips and the Thomases orally agreed to a final settlement of the dispute under which the Thomases would be given a $53,000 cashier's check the following day, with mutual releases to be executed by the Thomases, PGBI, and Phillips and Gilkey individually.

Moore, however, testified that, although Phillips and Thomas did agree to these settlement terms, he previously had made clear in settlement discussions that no agreement would be binding until it was reduced to writing. According to Moore, he and Clark continued to negotiate remaining terms after the evening meeting on July 17, but no final agreement was reached because the Thomases refused to include confidentiality and non-disparagement provisions in the written agreement. According to the Thomases and Clark, these were new terms PGBI insisted on after the final oral settlement agreement was reached. Clark acknowledged that she and Moore exchanged drafts of the settlement agreement after the evening meeting. She testified that this was merely to add boilerplate language. The PGBI plaintiffs suggest that confidentiality and non-disparagement provisions qualify as boilerplate in a settlement agreement such as this.

On July 21, Henning entered a written arbitration award which, among other things: found that a binding settlement of the issues had been consummated; awarded the Thomases the principal sum of $53,000, against PGBI, Phillips, and Gilkey, jointly and severally; and released each of the above parties from claims of the others arising from the purchase agreement.

Because Clark later conceded that the non-disparagement provision was a material issue on which no agreement was reached, the trial court ruled that there was no meeting of the minds in a final settlement. The court determined that there were material issues of fact about whether the award was valid and enforceable and whether the Thomases are entitled to recover litigation expenses. Also the court ruled that the award was entered against individuals who did not consent to be bound by and did not participate in the arbitration proceedings. Although the latter ruling is somewhat ambiguous, the parties interpret it as a sua sponte grant of summary judgment to

Phillips and Gilkey on the issue of their personal liability on the settlement agreement. We will abide by this interpretation.

1. First the Thomases contend that the court erred in granting summary judgment sua sponte in favor of Gilkey and Phillips as to their individual liability for the settlement.

Although Georgia law allows a trial court to grant summary judgment sua sponte, the grant must be proper in all other respects.[1] Among other things, this means that the record must support the judgment.[2] A de novo standard of review applies to an appeal from a grant of summary judgment.[3] Whether summary judgment is granted or denied, we view the evidence, and all reasonable conclusions and inferences drawn from it, in the light most favorable to the losing party.[4] But "[a]n oral settlement must be definite, certain[,] and unambiguous. For such an agreement to be binding on the parties, it should be clear that it is full and complete, covers all issues, and is understood by all litigants concerned."[5]

Phillips and Gilkey participated in the arbitration as representatives of PGBI and not in their individual capacities. The written draft of the settlement agreement exchanged between Clark and Moore indicates that both attorneys understood that the settlement funds were to be paid by PGBI, not by its principals. Clark testified that, during settlement discussions on July 17, Gilkey said that if the settlement were to be effectuated the next day, he would have to advance the money to PGBI because of an insufficiency of funds in the corporate bank account. The record does not show that Gilkey assumed personal liability to the Thomases by agreeing to advance the settlement money to PGBI. The documentary evidence and Clark's testimony thus support the PGBI plaintiffs' position.

Henning testified that Gilkey and Phillips each provided personal assurance that the Thomases would get the settlement money, and that Phillips said he would be responsible for payment of the funds. Although Henning also testified that Gilkey said that his personal money would be used to fund the settlement, Henning acknowledged that Gilkey did nothing to indicate or agree that he would be personally bound by the settlement agreement. Henning concluded that Gilkey had agreed to be personally liable because he had said

---

[1] *Aycock v. Calk*, 222 Ga. App. 763, 764 (476 SE2d 274) (1996).

[2] Id.

[3] *Matjoulis v. Integon Gen. Ins. Corp.*, 226 Ga. App. 459 (1) (486 SE2d 684) (1997).

[4] See id. (grant of summary judgment); *State Farm &c. Ins. Co. v. American Hardware &c. Ins. Co.*, 224 Ga. App. 789, 791 (1) (482 SE2d 714) (1997) (denial of summary judgment).

[5] (Citation and punctuation omitted.) *Tekin v. Whiddon*, 233 Ga. App. 645, 648 (2) (504 SE2d 722) (1998); compare *Brumbelow v. Northern Propane Gas Co.*, 251 Ga. 674, 676 (2) (308 SE2d 544) (1983) (ordinarily for an attorney to bind his client to a settlement agreement, agreement must be in writing if there is a dispute as to terms).

"I'll send the money." When viewed in its totality, Henning's testimony does not constitute evidence which clearly and unambiguously shows that either Phillips or Gilkey intended to agree to be personally liable to fund the settlement agreement.

For the foregoing reasons, the court did not err in its grant of summary judgment to Phillips and Gilkey on this issue.

2. Next the Thomases contend that, as a matter of law, a final settlement was reached, and, therefore, they are entitled to recover their litigation expenses.

> Under Georgia law, an agreement alleged to be in settlement and compromise of a pending lawsuit must meet the same requisites of formation and enforceability as any other contract. In this regard, it is well settled that an agreement between two parties will occur only when the minds of the parties meet at the same time, upon the same subject matter, and in the same sense. . . . If there was in fact any essential part of the contract upon which the minds of the parties had not met, or upon which there was not an agreement it must follow that a valid and binding contract was not made.[6]

The parties could have entered a final settlement of this case without addressing non-disparagement or confidentiality issues, because these are not essential terms of a settlement agreement. And during mediation on July 17, Phillips and the Thomases unquestionably entered into an oral agreement to settle the case, if the Thomases were paid $53,000 the next day and mutual releases were executed by all concerned. Although it is clear that these parties did not discuss non-disparagement or confidentiality provisions in reaching their oral settlement, Moore's testimony would authorize a jury to find that they entered into mediation with the understanding that no settlement agreement would be binding until reduced to writing. The parties did not expressly address the question of whether the oral agreement would be final before being reduced to writing. Therefore, the evidence is not indisputable that the parties agreed to dispense with the condition imposed by counsel. Thus we agree with PGBI that the Thomases were not entitled to summary judgment on their counterclaims for enforcement of the oral settlement agreement and recovery of litigation expenses.

*Judgment affirmed. Johnson, C. J., and McMurray, P. J., concur.*

---

[6] (Citations and punctuation omitted.) *Tekin v. Whiddon,* supra; see *Bridges v. Bridges,* 256 Ga. 348, 350 (1) (349 SE2d 172) (1986).

DECIDED NOVEMBER 1, 1999 —

McCalla, Raymer, Padrick, Cobb, Nichols & Clark, Carol V. Clark, Lord, Bissell & Brook, Frank G. Goldman, J. Robert Persons, for appellants.

Kitchens, Kelley & Gaynes, David F. Cooper, Byrne, Moore & Davis, Francis X. Moore, John H. Patteson, Jr., for appellees.

