A99A0903. AUTO-OWNERS INSURANCE COMPANY
v. CRAWFORD.
(525 SE2d 118)

SMITH, Judge.

Claiming that Auto-Owners Insurance Company breached a binding oral contract to settle his claim for property damages, Hubert Crawford filed the underlying lawsuit. After a bench trial, the trial court awarded Crawford $13,440 plus interest and $1,500 in attorney fees. Contending that an enforceable contract was never created, Auto-Owners appeals. We agree and reverse.

The following evidence was introduced at trial. On October 25, 1996, Crawford was involved in an automobile collision with an insured of Auto-Owners. Before engaging an attorney, Crawford spoke with Barbara Levie, a claims adjuster for Auto-Owners. Levie extended a settlement offer in the amount of $11,165 for the property damage to Crawford's vehicle. But Crawford rejected the offer of $11,165 after telling Levie "that was not enough." Dissatisfied with Auto-Owners' offer, Crawford retained counsel on the same day. A few days later, Crawford received a copy of a "speed-memo" sent from Levie and dated November 6, confirming that "we can offer $11,165.00." After noting the continuing accrual of storage fees, the memo concludes: "If no agreement is reached, your vehicle will be returned to you." Crawford, however, could not recall exactly when he told his lawyer about the contents of this memo.

Notwithstanding the telephone conversation and the speed-memo, in a November 18 letter purporting to memorialize Auto-Owners' earlier offer, Levie mistakenly suggested that she had extended a

settlement offer of $13,200. In this letter directed to Crawford's counsel, Levie stated:

> As to his property damage claim, please be advised that on November 6, 1996 we made an offer of settlement to your client for a total loss on his vehicle. Our offer was $13,200.00 provided that he could furnish us with a clear title to the vehicle.

Levie concluded the letter by saying, "I look forward to hearing from you concerning this."

About two weeks later, in a December 3, 1996 letter, Crawford's counsel informed Auto-Owners, "[a]fter speaking with my client he has agreed to settle his claim for property damage in the amount of $13,200.00 plus $240.00 loss of use for a total of $13,440.00." Ten days later, Levie responded:

> This will acknowledge receipt of your letter of December 3, 1996 and your demand of $13,200.00 for your client's vehicle and $240.00 for loss of use. Unfortunately, we do not value the vehicle at $13,200.00. The average of our dealer quotes was $11,050.00 and the NADA retail is $11,165.00. Additionally, there is the problem of the storage charges on the vehicle. As I have advised your client on 11/6/96, we would not pay any storage charges past that date. Additionally, we would have to have a clear title to the vehicle in order to take the salvage.

Levie's letter concluded: "If you would furnish documentation to support your demand of $13,200.00 as the value of the vehicle, I would be happy to review it. At this time, however, I can not increase my offer beyond the NADA retail value."

Auto-Owners refused to agree to the valuation of $13,200 because, as Levie testified, she had made an error in the November 18 letter but did not discover her mistake until after being contacted by a secretary at the law firm. As Levie explained, "I thought he was coming back with another offer." Due to Auto-Owners' refusal to settle for the amount desired by Crawford, Crawford sought and obtained judgment in the amount of $13,440 plus attorney fees and expenses of litigation on the basis that Auto-Owners caused unnecessary trouble and expense.

1. Auto-Owners contends the trial court erred in concluding that the parties had entered an enforceable contract and settlement agreement and awarding damages thereon. We agree.

Whether a settlement is an enforceable agreement is a question of law for the trial court to decide. *Southern Med. Corp. v. Liberty*

*Mut. Ins. Co.*, 216 Ga. App. 289, 290 (1) (454 SE2d 180) (1995). An appellate court, however, owes no deference to the conclusions of a trial court in regard to legal questions. *Gwinnett County v. Davis*, 268 Ga. 653, 654 (492 SE2d 523) (1997); see *Garcia v. State*, 207 Ga. App. 653, 654 (1) (a) (428 SE2d 666) (1993). When a trial court's judgment rests upon an erroneous legal theory, an appellate court cannot affirm. *All Phase Elec. &c. Co. v. Foster & Cooper, Inc.*, 193 Ga. App. 232, 234 (2) (387 SE2d 429) (1989).

To constitute an enforceable contract, an oral settlement agreement must be definite, certain, unambiguous and satisfy the same requisites of formation and enforceability as any other contract. *Tekin v. Whiddon*, 233 Ga. App. 645, 648 (2) (504 SE2d 722) (1998). A meeting of the minds is the first requirement of law relative to contracts. *Simmons v. McBride*, 228 Ga. App. 752, 753 (492 SE2d 738) (1997). If there is any essential term upon which agreement is lacking, no meeting of the minds of the parties exists, and a valid and binding contract has not been formed. *BellSouth Advertising &c. v. McCollum*, 209 Ga. App. 441, 445 (2) (433 SE2d 437) (1993); see OCGA §§ 13-3-2; 13-3-1. "[A]cceptance of an offer must be unconditional, unequivocal, and without variance of any sort; otherwise, there can be no meeting of the minds and mutual assent necessary to contract formation." *Lamb v. Decatur Fed. Sav. &c. Assn.*, 201 Ga. App. 583, 585 (1) (411 SE2d 527) (1991).

In this case, the minds of the parties did not meet "at the same time, upon the same subject matter, and in the same sense." (Citations and punctuation omitted.) *Wilkins v. Butler*, 187 Ga. App. 84, 85 (369 SE2d 267) (1988). Without question, the evidence showed that on behalf of Auto-Owners, Levie offered $11,165, an amount Crawford flatly rejected as inadequate. In her November 18 letter to Crawford's counsel, Levie misstated the amount she had offered to Crawford. But, in so doing, she plainly did not intend to make a new offer. In fact, the phrases appearing in this letter are couched solely in the past tense: "made an offer," "our offer was," and "we advised him." Nowhere in this letter does a current offer appear. When Crawford attempted to accept $13,200 as the value of the property damage, an amount that Auto-Owners never intentionally offered, Auto-Owners refused to acquiesce. Nor did Auto-Owners and Crawford ever reach agreement at the same time as to the amount that Crawford would have to pay for the storage costs incurred after November 6 or the amount to be paid for the loss of use of his vehicle. Since no valid contract was ever formed, the trial court erred in enforcing the purported settlement agreement. *Clark v. Schwartz*, 210 Ga. App. 678, 679 (436 SE2d 759) (1993) (contract not enforceable until there is a meeting of minds as to all essential terms).

2. Auto-Owners contends the attorney fees were awarded in

error because the record contains no evidence that it caused Crawford unnecessary trouble and expense.

When a bona fide, justiciable controversy exists, an award of attorney fees and expenses of litigation under OCGA § 13-6-11 is not authorized. *Rivergate Corp. v. Atlanta Indoor Advertising &c.*, 210 Ga. App. 501, 504 (4) (436 SE2d 697) (1993). Since a bona fide dispute was shown, the award of attorney fees cannot stand. *Jeff Goolsby Homes Corp. v. Smith*, 168 Ga. App. 218, 222 (2) (308 SE2d 564) (1983).

*Judgment reversed. Pope, P. J., and Eldridge, J., concur.*

DECIDED NOVEMBER 9, 1999.

*John T. Croley, Jr.*, for appellant.
*Kenneth E. Futch, Jr.*, for appellee.